IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SOTHINATHAN SINNATHURAI<br>34 Oak Street<br>Barrie, Ontario L4M 3V4<br>Canada<br><br>– Individually and on Behalf of All Others Similarly Situated –<br><br>                                        **Plaintiff,**<br><br>v.<br><br>**NOVAVAX, INC.**<br>21 Firstfield Road<br>Gaithersburg, MD 20878<br>(Montgomery County)<br><br>**STANLEY C. ERCK**<br>21 Firstfield Road<br>Gaithersburg, MD 20878<br>(Montgomery County)<br><br>**GREGORY F. COVINO**<br>21 Firstfield Road<br>Gaithersburg, MD 20878<br>(Montgomery County)<br><br>**JOHN J. TRIZZINO**<br>21 Firstfield Road<br>Gaithersburg, MD 20878<br>(Montgomery County)<br><br>                                        **Defendants.** | **Civil Action No.: 8:21-cv-02910-TDC** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DAVID TRUONG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 3

    I.    TRUONG SHOULD BE APPOINTED LEAD PLAINTIFF ......................................... 3

        A.    The PSLRA Standard For Appointing Lead Plaintiff ............................................ 3

        B.    Truong Is The "Most Adequate Plaintiff" ............................................................... 4

            1.    Truong's Motion Is Timely ........................................................................ 4

            2.    Truong Has the Largest Financial Interest in the Relief Sought by the Class ..................................................................................... 4

            3.    Truong Satisfies Rule 23's Typicality and Adequacy Requirements ............................................................................................. 4

                (a)    Truong's Claims Are Typical of Those of the Class ........................... 5

                (b)    Truong Will Fairly and Adequately Protect the Interests of the Class ............................................................................................. 6

    II.    THE COURT SHOULD APPROVE TRUONG'S CHOICE OF COUNSEL ..................................................................................................................... 7

CONCLUSION ............................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 1992) ................................................................................................7

*Miraglia v. Human Genome Scis. Inc.*,
   No. 8:11-cv-03231-RWT, 2012 WL 987502 (D. Md. Mar. 22, 2012) ...................................5

*In re Molson Coors Brewing Co. Sec. Litig.*,
   233 F.R.D. 147 (D. Del. 2005) .............................................................................................5

*In re Royal Ahold N.V. Sec. and ERISA Litig.*,
   219 F.R.D. 343 (D. Md. 2003) .............................................................................................5

*Shah v. GenVec, Inc.*,
   No. DKC 12-0341, 2012 WL 1478792 (D. Md. Apr. 26, 2012) ...........................................6

**Rules & Statutes**

Fed. R. Civ. P. 23 ................................................................................................... *passim*

15 U.S.C. § 78u-4(a) *et seq.* .................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   No. 04-cv-8141 (S.D.N.Y.) ...................................................................................................7

*In re Countrywide Fin. Corp. Sec. Litig.*,
   No. 07-cv-5295 (C.D. Cal.) ..................................................................................................7

*In re Fannie Mae 2008 Sec. Litig.*,
   No. 08-cv-7831 (S.D.N.Y.) ...................................................................................................7

David Truong ("Truong") respectfully submits this Memorandum of Law pursuant to Section 21(D)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(D)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of his motion for the entry of an Order in the above-captioned action (the "Action"): (i) appointing Truong as Lead Plaintiff for a Class (as defined herein) of all purchasers of Novavax, Inc. ("Novavax" or the "Company") securities between March 2, 2021 and October 19, 2021, inclusive (the "Class Period"); (ii) approving Truong's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Truong respectfully submits that he should be appointed Lead Plaintiff on behalf of all investors who purchased the securities of Novavax during the Class Period (the "Class"), and who were damaged as a result of the Defendants' alleged fraud. The Action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Novavax and certain individual executive defendants (collectively, the "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed below, Truong is the "most adequate" plaintiff by virtue of his substantial financial interest in this litigation. Truong incurred a loss on Novavax securities purchased during the Class Period of *$4,426,146.13* as calculated on a last-in-first-out ("LIFO") basis.[1] Accordingly, Truong has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' alleged violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.

Truong also meets the typicality and adequacy requirements of Rule 23 because (i) his claims arise from the same course of events as those of the other Class members, (ii) he relies on similar legal theories to prove Defendants' liability, and (iii) Truong is a sophisticated individual investor that will vigorously represent the interests of the Class with experienced counsel.

Finally, pursuant to the PSLRA, Truong requests that the Court appoint his choice of Labaton Sucharow as Lead Counsel on behalf of the Class. Labaton Sucharow is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors, and has the expertise and resources necessary to handle litigation of this scale.

Accordingly, Truong respectfully requests that the Court appoint him Lead Plaintiff and otherwise grant the motion.

---

[1] A copy of the PSLRA-required Certification is attached as Exhibit A to the accompanying Declaration of Francis P. McConville ("McConville Decl."), filed contemporaneously herewith. In addition, a chart reflecting the calculation of Truong's financial losses is attached as Exhibit B to the McConville Decl.

## ARGUMENT

### I.      TRUONG SHOULD BE APPOINTED LEAD PLAINTIFF

Truong submits that he should be appointed Lead Plaintiff because he timely filed the instant motion, believes he has the largest financial interest of any qualified movant, and satisfies the typicality and adequacy requirements of Rule 23.

#### A.      The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); 15 U.S.C. § 78u-4(D)(3)(B).  Pursuant to the PSLRA, a court is to consider all motions made by a class member within the sixty-day period prescribed by statute and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members ( . . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the "largest financial interest" in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted only upon "***proof***" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).

### B. Truong Is The "Most Adequate Plaintiff"

#### 1. Truong's Motion Is Timely

Truong filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action published notice on Globe Newswire on November 12, 2021. *See* Notice, McConville Decl. Ex. C. That notice, in accordance with the PSLRA, stated that applications for appointment as Lead Plaintiff must be made no later than 60 days from the date on which the notice was published; *i.e.*, January 11, 2022. Truong filed his motion seeking appointment as Lead Plaintiff within this deadline and thus satisfied the procedural requirements of the PSLRA.

#### 2. Truong Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Truong incurred a loss on Novavax securities purchased during the Class Period of **$4,426,146.13** as calculated on a LIFO basis. *See* Loss Analysis, McConville Decl. Ex. B. Truong is presently unaware of any other movant with a larger financial interest in the outcome of the Action. Consequently, and because he also satisfies Rule 23's typicality and adequacy requirements, Truong is entitled to the legal presumption that he is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

#### 3. Truong Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further directs that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). At the lead plaintiff

selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Miraglia v. Human Genome Scis. Inc.,* No. 8:11-cv-03231-RWT, 2012 WL 987502, at *3-4 (D. Md. Mar. 22, 2012) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA) (citing *In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 566 (D. Md. 2001).

### (a) Truong's Claims Are Typical of Those of the Class

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if the claims of the movant with the largest financial loss "have the same essential characteristics as the claims of the class at large." *See Miraglia,* 2012 WL 987502, at *3-4. Notably, the claims of the Lead Plaintiff need not be identical to the claims of the class to satisfy typicality. *See In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 152 (D. Del. 2005) ("typicality . . . does not require that all putative class members share identical claims") (internal quotation marks and citations omitted).

The typicality requirement is plainly satisfied here because Truong, who is not subject to any unique or special defenses, seeks the same relief and advances the same legal theories as other Class members. *See In re Royal Ahold N.V. Sec. and ERISA Litig.,* 219 F.R.D. 343, 350 (D. Md. 2003) (discussing the typicality requirement). Like all members of the Class, Truong seeks recovery for losses incurred as a result of Defendants' misrepresentations and omissions that resulted in declines in the share price of Novavax securities. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class' claims, satisfy Rule 23(a)(3)'s typicality requirement.

### (b)   Truong Will Fairly and Adequately Protect the Interests of the Class

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  Representation is adequate when: (1) the movant has the ability and incentive to represent the claims of the class vigorously, (2) there is no conflict between the movant's claims and those asserted on behalf of the class, and (3) the movant has obtained adequate counsel.  *See Shah v. GenVec, Inc.*, No. DKC 12-0341, 2012 WL 1478792, at *2-3 (D. Md. Apr. 26, 2012).

Truong will fairly and adequately represent the interests of the proposed Class.  No antagonism exists between Truong's interests and those of the absent Class members; rather, the interests of Truong and Class members are squarely aligned.  Truong has been managing his own investments for approximately 5 years.  *See* McConville Decl., Ex. D (Declaration of David Truong in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel).  He works as a Developer in the real estate industry in Salt Lake City, Utah.  *See id.*  Moreover, Truong has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this Action, and fully appreciates and understands the fiduciary responsibilities assumed by the PSLRA Lead Plaintiff in securities class action litigation.  *See id.*; *see also* McConville Decl., Ex. E (the firm's résumé).  Truong suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of the Action.

Finally, no proof that Truong "will not fairly and adequately protect the interests of the class," or is "subject to unique defenses that render such plaintiff incapable of representing the

class," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II), can be produced because no such proof exists. Accordingly, Truong satisfies the adequacy requirement.

## II. THE COURT SHOULD APPROVE TRUONG'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices." *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 1992). Truong has selected Labaton Sucharow to serve as Lead Counsel for the Class.

Labaton Sucharow has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors. In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities class action settlements arising from the financial crisis of 2007 and 2008. Following six years of litigation, as co-lead counsel, Labaton Sucharow achieved a $170 million recovery for investors in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (S.D.N.Y.). Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions currently pending. *See* McConville Decl., Ex. E.

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Truong respectfully requests that the Court: (i) appoint Truong as Lead Plaintiff; (ii) approve his selection of Labaton Sucharow as Lead Counsel for the Class; and (iii) grant such other and further relief as the Court may deem just and proper.

Dated:  January 11, 2022

        Respectfully submitted,

        By:   *s/ Francis P. McConville*

        Francis P. McConville
        **LABATON SUCHAROW LLP**
        Francis P. McConville
        David J. Schwartz
        140 Broadway
        New York, New York 10005
        Telephone: (212) 907-0700
        Facsimile: (212) 818-0477
        Emails: fmcconville@labaton.com
                 dschwartz@labaton.com

        *Counsel for Proposed Lead Plaintiff David Truong and Proposed Lead Counsel for the Class*