## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

SOTHINATHAN SINNATHURAI,
*Individually and on Behalf of All Others*
*Similarly Situated,*

      Plaintiff,

      v.

NOVAVAX, INC., *et al.,*

      Defendants.

Civil Action No. TDC-21-2910

## STIPULATED PROTECTIVE ORDER

Lead Plaintiffs Jeffrey A. Gabbert, Nuggehalli Balmukund Nandkumar, and David Truong (collectively "Plaintiffs") and Defendants Novavax, Inc., Stanley C. Erck, and John J. Trizzino (collectively "Defendants," and together with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby enter into, and submit for the Court's approval and entry, this Order ("Stipulated Protective Order") for the protection of confidential documents and information during the course of the above-captioned action (the "Action") pursuant to Federal Rule of Civil Procedure Rule 26(c).

The Court having reviewed the terms and conditions of this Stipulated Protective Order submitted by the Parties, HEREBY ORDERS THAT:

**Proceedings and Information Governed.**

1.     This Stipulated Protective Order is made under Fed. R. Civ. P. 26(c) and Local Rule 104.13. It shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given, or disclosed by any party or non-party ("Producing Party") to any other party ("Receiving Party") in connection with

discovery in this litigation (such information or material hereinafter referred to as "Discovery Material") that are designated by a party as "Confidential" or "Highly Confidential" in accordance with the terms of this Stipulated Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing Discovery Material.

2.      The Parties to this litigation agree that the production of any Discovery Material by any non-party to this litigation shall be subject to and governed by the terms of this Stipulated Protective Order.  The party seeking the production of Discovery Material from the non-party shall include in the discovery request a copy of this Stipulated Protective Order.

3.      Any use of Discovery Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Discovery Material at trial.

**Designation and Maintenance of Discovery Material.**

4.      This Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery in this Action, and the protection it affords extends only to the limited Discovery Material that are entitled to confidential treatment under applicable legal principles.  A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a non-Party in connection with this Action only for prosecuting, defending, appealing, or attempting to settle this Action.  Discovery Material may not be used for any other purpose, including, without limitation, any business, commercial, or competitive purpose.

5.      For purposes of this Stipulated Protective Order: (a) the "Confidential" designation means that the document is comprised of commercial or proprietary Discovery Material that is not publicly known or readily ascertainable, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other Discovery Material required by law or agreement to be kept confidential, and which is in fact confidential; and (b) the "Highly Confidential" designation means that the Discovery Material is

2

comprised of information that the Producing Party deems in good faith to be especially sensitive, which may include, but is not limited to, one of the following categories of Discovery Material: (i) third-party financial account information; (ii) private or confidential personal information such as "personally identifiable information," including social security numbers, financial account numbers and home addresses; and (iii) a party's current operational or strategic plans regarding its operations, potential mergers, acquisitions, sales or investments. In addition to the above, the Producing Party may, at any time, seek agreement or move for a further order that additional, specific documents or categories of documents may be produced on a "Highly Confidential" basis. Confidential and Highly Confidential Discovery Material does not include, and this Stipulated Protective Order does not apply to: (a) information that already is legitimately known or legitimately in the possession of the party to whom disclosure is made, unless that party already is bound by agreement not to disclose such information; or (b) information that has been disclosed to the public or third persons in a manner making such information no longer confidential. The parties shall use reasonable efforts to determine whether particular Discovery Material qualifies for a particular confidentiality designation.

Confidentiality designations shall be made prior to, or contemporaneously with, the production or disclosure of that Discovery Material. In the event that Discovery Material is made available for inspection at the parties' respective facilities, such Discovery Material may be made available for inspection before being assigned a confidentiality designation. Once specific Discovery Material has been designated for copying, any Discovery Material containing Confidential or Highly Confidential information will then be marked accordingly after copying but before production to the party who inspected and designated the Discovery Material. There

3

will be no waiver of confidentiality by the inspection of confidential Discovery Material before they are copied and marked Confidential or Highly Confidential pursuant to this procedure.

Any Producing Party may designate any Discovery Material as Confidential under the terms of this Stipulated Protective Order if such party in good faith reasonably believes that such Discovery Material falls within the scope of paragraph 4(a) above. Any Producing Party may designate any Discovery Material as Highly Confidential under the terms of this Stipulated Protective Order if such party in good faith reasonably believes that such Discovery Material falls within the scope of paragraph 4(b) above. The designation of Discovery Material as Confidential or Highly Confidential shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the designating party, and that there is a good faith basis for such designation.

6.      Discovery Material produced during the course of this litigation within the scope of paragraph 4 above may be designated by the Producing Party as containing Confidential or Highly Confidential Discovery Material, as the case may be, by placing on each page and each thing, in a manner which will not interfere with its legibility, a legend substantially as follows:

**CONFIDENTIAL**

or

**HIGHLY CONFIDENTIAL**

A party may designate Discovery Material disclosed at a deposition as Confidential or Highly Confidential by requesting the reporter to so designate the entire transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have thirty (30) calendar days after receipt of the deposition transcript to designate, in writing to the other Parties and to the court reporter, whether the transcript is to be designated as Confidential or Highly Confidential. If no such designation is made at the deposition

4

or within this thirty-day period (during which period, the transcript must be treated as Highly Confidential, unless the Producing Party consents to less confidential treatment of the Discovery Material), the entire deposition transcript will be considered devoid of Confidential or Highly Confidential information, except for any exhibits to such transcript that previously were designated as Confidential or Highly Confidential.

Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Stipulated Protective Order. It is the responsibility of counsel for each party to maintain Confidential or Highly Confidential Discovery Material in a secure manner and appropriately identified so as to allow access to such Discovery Material only to such persons and under such terms as are permitted and required under this Stipulated Protective Order.

**Inadvertent Production of Privileged Materials and Failure to Designate.**

7.     If Discovery Material is subject to a claim of attorney-client privilege, attorney work-product, or any other ground on which production of such Discovery Material should not be made to any party, is nevertheless inadvertently or otherwise produced to a party or parties, such production shall not constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the Producing Party would otherwise be entitled. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Rule 502(b) do not apply.

8.     If a claim of inadvertent production is made with respect to Discovery Material then in the custody of another party, the Receiving Party shall not use such Discovery Material for any purpose other than in connection with a motion to compel (which shall be filed under seal) and shall otherwise promptly sequester, destroy, or return the Discovery Material to the Producing

Party. The Receiving Party may then move the Court for an Order compelling production of the material. Nothing in this Order is intended to alter, and this Order shall be interpreted consistent with, Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5).

9.     Inadvertent failure to designate Discovery Material as Confidential or Highly Confidential shall not constitute a waiver of such a claim and may be corrected by supplemental written notice to all parties to whom the material was disclosed within a reasonable time after disclosure.  Any party receiving such notice shall thereafter mark and treat materials as Confidential or Highly Confidential and such materials shall be fully subject to this Stipulated Protective Order as if they had been initially so designated.  A person who disclosed Discovery Material that is subsequently designated as Confidential or Highly Confidential shall in good faith assist the Designating Party in its efforts to retrieve such Discovery Material from all recipients not entitled to receive such Discovery Material under the terms of this Stipulated Protective Order and shall prevent further disclosures except as authorized under the terms of this Stipulated Protective Order.  Within ten (10) business days after receipt of the re-designated Discovery Material, the Receiving Party shall certify in writing that it made its best efforts to ensure that all copies lacking the designation have been returned or, in the case of documents bearing notes or other interlineations reflecting the work product of counsel representing such Receiving Party, destroyed.

**Challenge to Designations**

10.     Nothing in this Stipulated Protective Order shall be deemed to be an acknowledgement by any party that any designation of Discovery Material as Confidential or Highly Confidential is in fact entitled to such treatment.  No party shall be obligated to challenge the propriety of any other party's designation of Discovery Material as Confidential or Highly Confidential at the time of the designation, and any decision not to challenge such a designation

shall not preclude a subsequent challenge to such a designation or be used in support or opposition of a motion to seal or unseal any Discovery Material as Confidential or Highly Confidential.

A Receiving Party may challenge a Producing Party's designation at any time. Any Receiving Party disagreeing with a designation may request in writing that the Producing Party change the designation. The Producing Party will then have fourteen (14) calendar days after receipt of a challenge notice to advise the Receiving Party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) calendar day time frame, and after the parties meet and confer pursuant to Local Rule 104.7 in a reasonable attempt to reach an agreement, the Receiving Party may at any time thereafter seek an order to alter the confidential status of the designated Discovery Material. Pursuant to Local Rule 104.13, the burden is on the party seeking confidentiality to justify it under Fed. Rule Civ. P. 26(c). While a challenge is pending, the documents subject to the challenge shall be filed under seal. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the Discovery Material will continue to be accorded the confidential treatment required by this Stipulated Protective Order. The provisions of Fed. R. Civ. P. 37(a)(5) apply to any motion challenging the Producing Party's designation.

**Disclosure of Confidential Discovery Material.**

11.    Subject to paragraph 14 below, Discovery Material designated Confidential may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Stipulated Protective Order: (a) the Parties and their current employees, officers, and directors; (b) outside counsel for any party to this litigation; (c) supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (d) third-party experts or consultants; (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial,

7

jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (f) witnesses or deponents and their counsel, during the course of depositions or testimony in this litigation and, to the extent necessary, in preparation for depositions or testimony in this litigation; (g) insurers of any party to this litigation and insurers' counsel; (h) mediators or arbitrators that the parties engage or that the Court appoints in this litigation, and their employees; (i) the Court and its employees; (j) court reporters or stenographers employed in connection with this litigation; and (k) any other person only upon order of the Court.

12. Subject to paragraph 14 below, Discovery Material designated Highly Confidential may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for any party to this litigation; (b) supporting personnel employed by outside counsel for any party to this litigation, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) in-house counsel for the Receiving Party responsible for the management of this litigation; (d) third-party experts or consultants; (e) the counsel of insurers for any party to this litigation; (f) mediators or arbitrators that the parties engage or that the Court appoints in this litigation, and their employees; (g) witnesses or deponents and their counsel, during the course of depositions or testimony in this litigation and, to the extent necessary, in preparation for depositions or testimony in this litigation; (h) the Court and its employees; (i) court reporters employed in connection with this litigation; (j) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; and (k) any other person only upon order of the Court.

13.     All witnesses or deponents who appear at deposition, and their counsel, will be provided with this Stipulated Protective Order prior to such deposition or proceeding by the party deposing or calling the witness.  All witnesses or deponents, and their counsel, will be bound by all of the provisions of the Stipulated Protective Order.  No witnesses or deponents or their counsel (except to the extent the counsel represents a party) shall be permitted to retain any Confidential or Highly Confidential Discovery Material after the conclusion of the testimony for which the witness or deponent used the Designated Material to prepare.

14.     Further, all third-party experts and consultants who reasonably may be expected to receive Discovery Material designated Confidential or Highly Confidential shall be required, before receiving such Discovery Material, to sign an undertaking in the form attached as Exhibit A hereto, agreeing in writing to be bound by the terms and conditions of this Stipulated Protective Order, consenting to the jurisdiction of the United States District Court for the District of Maryland, for purposes of the enforcement of this Stipulated Protective Order, and agreeing not to disclose or use any Discovery Material designated Confidential or Highly Confidential in a manner or for purposes other than those permitted hereunder.  All signed undertakings will be maintained by counsel for the party designating or hiring any expert or consultant.  The party designating or hiring an expert will provide the executed undertaking to the Designating Party upon disclosure of the expert. Stenographic, clerical or technical personnel of third-party experts and consultants may also receive Discovery Material designated Confidential or Highly Confidential.

15.     Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Stipulated Protective Order.  Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

9

16.    Confidential or Highly Confidential Discovery Material may be disclosed, only during a deposition, to a person who is not already allowed access to such Discovery Material under this Stipulated Protective Order if:

a.    the Discovery Material was previously authored or legitimately received by the person or was authored or legitimately received by a director, officer, employee or agent of the company for whom the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6), as demonstrated by the Discovery Material itself or foundation testimony during a deposition;

b.    the Designating Party is the person or is a party for whom the person is a director, officer, employee, consultant or agent;

c.    counsel for the Designating Party agrees that the material may be disclosed to the person;

d.    thy are a deponent or witness who is currently or was formerly employed by the party who produced the information, document, or thing; or

e.    they are a deponent, witness or prospective witness and the information; document; or thing designated Confidential—or Highly Confidential—is something the person was or may be involved in, or has or may have knowledge regarding, the subject matter described therein.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Stipulated Protective Order, may be present during the disclosure or discussion of Confidential or Highly Confidential Discovery Material. In addition, unless the individual to whom disclosure is made under this paragraph otherwise is permitted to receive the Discovery Material under this

Stipulated Protective Order, such person shall not be permitted to retain a copy of the document. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

17.    In the event any Confidential or Highly Confidential Discovery Material is disclosed to any person or other entity not authorized under the terms of this Stipulated Protective Order to have access to that Discovery Material, the party responsible for having made, and any party having knowledge of, that disclosure shall inform counsel for the Producing Party within a reasonable time, not to exceed five (5) business days of the date the party obtained knowledge of the unauthorized disclosure, concerning that disclosure and certify that it has made its best efforts to ensure that the person or other entity not authorized to have the Discovery Material has returned or destroyed such material and all copies thereof (including summaries and excerpts). The responsible party also shall promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure of such Discovery Material is made by anyone, and each party shall cooperate in good faith in that effort. Nothing in this paragraph shall limit any party's right to seek sanctions or other relief from the Court for violation of this Stipulated Protective Order.

18.    In the event additional parties join or are joined in this litigation, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly joined party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulated Protective Order.

**Non-Party Discovery Material.**

19.    The existence of this Stipulated Protective Order must be disclosed to any person producing Discovery Material in this Action who may reasonably be expected to desire confidential treatment for such Discovery Material. Any such person may designate Discovery Material confidential pursuant to this Stipulated Protective Order.

11

**Filing Documents with the Court.**

20. To the extent that any Discovery Material subject to this Stipulated Protective Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, that Discovery Material, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to Local Rule 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by Local Rule 105.11. Even if the filing party believes that the Discovery Material subject to the Stipulated Protective Order are not properly classified as Confidential or Highly Confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 7 of this Stipulated Protective Order (providing for the right to challenge a particular confidentiality designation).

Nothing herein shall prohibit the filing party and the Designating Party from agreeing to allow Confidential or Highly Confidential Discovery Material, in appropriately redacted form, from being used in any court filing without the necessity of the filing being made entirely under seal. In the event that any Confidential or Highly Confidential Discovery Material is used in any court proceeding in this Action or any appeal therefrom, said Confidential or Highly Confidential Discovery Material shall not lose its status as Confidential or Highly Confidential through such use. Counsel shall confer in good faith regarding the procedures for use of Confidential or Highly Confidential Discovery Material in the course of any court proceedings.

**No Prejudice.**

21. Signing or agreeing to the entry of, producing or receiving confidential Discovery Material, or otherwise complying with the terms of this Stipulated Protective Order, will not (a)

operate as an admission by any party that any particular confidential Discovery Material contains or reflects trade secrets or any other type of confidential or proprietary Discovery Material; (b) prejudice the rights of a party to object to the production of Discovery Material or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Stipulated Protective Order with respect to any particular Discovery Material or material; (f) constitute or be construed as: an agreement by any person to produce any documents or to supply any Discovery Material, a waiver or forfeiture of any trade secret, intellectual-property or proprietary right to, in, or with respect to any Confidential or Highly Confidential Discovery Material, or a modification, discharge, or abandonment of any pre-existing legal obligation that any Designating Party may have to keep any Discovery Material confidential or secret.

22. Nothing contained in this Stipulated Protective Order shall preclude any party from using or disclosing its own Confidential or Highly Confidential Discovery Material in any manner, without prior consent of any party or Court.

**Conclusion of Litigation.**

23. Within sixty (60) calendar days after final judgment in this Action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Stipulated Protective Order shall destroy or return to the Producing Party all Confidential or Highly Confidential Discovery Material, and to certify to the Producing Party that this destruction or return has been done. However, outside counsel for any party is entitled to retain: (1) data from disaster recovery or business continuity backups; (2) data stored in back-end databases critical to application

13

operability, system-generated temporary folders, and inaccessible near-line storage; (3) archived departed employee data with limited access; (4) material that is subject to legal hold obligations or commingled with other such material, and/or (5) all court papers, discovery responses, deposition and trial transcripts, deposition and trial exhibits, correspondence, and attorney work product, provided that any such materials are maintained and protected in accordance with the terms of this Stipulated Protective Order.

**Other Proceedings.**

24.    Any person or party subject to this Stipulated Protective Order who may be subject to a subpoena, a motion to disclose, or other notice compelling the production of Confidential or Highly Confidential Discovery Material pursuant to this Protective Order must promptly notify in writing the Designating Party of such subpoena, motion, or other notice as soon as possible, not to exceed five (5) business days, so that the Designating Party may have an opportunity to appear and be heard on whether that Discovery Material should be disclosed.

**Remedies.**

25.    It is Ordered that this Stipulated Protective Order may be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the Court, including the power to hold parties or other violators of this Stipulated Protective Order in contempt. All other remedies available to any person injured by a violation of this Stipulated Protective Order are fully reserved.

26.    Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future. Any party, entity or person covered by this Stipulated Protective Order may at any time apply to the Court for relief from any provision of this Stipulated Protective Order.

27.     The parties agree to be bound by the terms of this Stipulated Protective Order pending its entry by the Court, or an alternative thereto that is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulated Protective Order had been entered by the Court.

SO ORDERED:

Date: ___3/31/2023___

_____
THEODORE D. CHUANG
United States District Judge

15

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

SOTHINATHAN SINNATHURAI,
*Individually and on Behalf of All Others
Similarly Situated,*

      Plaintiff,

      v.

NOVAVAX, INC., STANLEY C. ERCK,
GREGORY F. COVINO, JOHN J. TRIZZINO
and GREGEORY M. GLENN,

      Defendants.

Civil Action No. TDC-21-2910

## CONFIDENTIALITY AGREEMENT FOR EXPERT OR CONSULTANT OF ANY PARTY

I, _____, hereby affirm that:

Discovery Material designated as "Confidential" or "Highly Confidential," as defined in the Stipulated Protective Order entered in the above captioned action ("Stipulated Protective Order"), is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order.

I have been given a copy of and have read the Stipulated Protective Order.

I am familiar with the terms of the Stipulated Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Stipulated Protective Order.

I agree not to use any Confidential or Highly Confidential Discovery Material disclosed to me pursuant to the Stipulated Protective Order except for purposes of the above-captioned

1

litigation and not to disclose any of this Discovery Material to persons other than those specifically authorized by the Stipulated Protective Order, without the express written consent of the party who designated the Discovery Material as Confidential or Highly Confidential or by order of the presiding judge. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Stipulated Protective Order and of its binding effect on them and me.

I understand that I am to retain all Confidential or Highly Confidential Discovery Material in a secure manner, and that all such Discovery Material is to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such Discovery Material, including all copies thereof, and any writings prepared by me containing any Confidential or Highly Confidential information are to be returned to counsel who provided me with such Discovery Material, or destroyed.

_____

Signed

_____

Printed Name

_____

Date

2

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| **SOTHINATHAN SINNATHURAI,** *Individually and on Behalf of All Others Similarly Situated,*<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**NOVAVAX, INC., STANLEY C. ERCK, GREGORY F. COVINO, JOHN J. TRIZZINO and GREGEORY M. GLENN,**<br><br>    **Defendants.** | **Civil Action No. TDC-21-2910** |

### CONFIDENTIALITY AGREEMENT FOR NON-PARTY WITNESSES

I, _____, hereby affirm that:

Discovery Material designated as "Confidential" or "Highly Confidential," as defined in the Stipulated Protective Order entered in the above captioned action ("Stipulated Protective Order"), is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order.

I have been given a copy of and have read the Stipulated Protective Order.

I am familiar with the terms of the Stipulated Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Stipulated Protective Order.

I agree not to use any Confidential or Highly Confidential Discovery Material disclosed to me pursuant to the Stipulated Protective Order except for purposes of the above-captioned litigation and not to disclose any of this Discovery Material to persons other than those specifically authorized by the Stipulated Protective Order, without the express written consent of the party who designated the Discovery Material as Confidential or Highly Confidential or by order of the presiding judge.

1

_____

Signed

_____

Printed Name

_____

Date

2