## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SOTHINATHAN SINNATHURAI, Individually
and on Behalf of All Others
Similarly Situated,

                Plaintiff,

v.

NOVAVAX, INC., STANLEY C. ERCK,
GREGORY F. COVINO, JOHN J. TRIZZINO,
and GREGORY GLENN,

                Defendants.

Civil Action No. TDC-21- 2910

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
## PRODUCTION OF DOCUMENTS

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ...................................................................................................... 1

II.  ARGUMENT ............................................................................................................ 3

    A.   Defendants' Arguments about the Scope of "Manufacturing Standards" Fail ............. 3

    B.   Defendants' Arguments to Limit the Number of Custodians Fail ................................ 4

    C.   Defendants' Arguments to Shorten the Relevant Time Period Fail ............................. 6

        1.   Start Date of the Relevant Time Period for Requests 2, 12-14, 16, and 23 ......... 6

        2.   End Date of the Relevant Time Period for All Requests .................................... 8

    D.   Defendants' Remaining Arguments Concerning Specific Requests Fail ..................... 9

    E.   Defendants' Burden and Proportionality Objections Fail ......................................... 10

III. CONCLUSION ....................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alston v. Equifax Info. Servs., LLC*,
2015 WL 1807952 (D. Md. Apr. 17, 2015) ................................................................5

*Columbian Chems. Co. v. AIG Specialty Ins. Co.*,
2015 WL 12755711 (N.D. W.Va. Sept. 18, 2015) ....................................................11

*Desrosiers v. MAG Indus. Automation Sys., LLC*,
675 F. Supp. 2d 598 (D. Md. 2009) .....................................................................1, 9

*E.E.O.C. v. McCormick & Schmick's Seafood Rests., Inc.*,
2012 WL 380048 (D. Md. Feb. 3, 2012) ................................................................10

*Edwards v. McDermott Int'l, Inc.*,
2021 WL 5121853 (S.D. Tex. Nov. 4, 2021) ............................................................5

*Jones v. Pulte Home Corp.*,
2009 WL 10690096 (E.D.N.C. Apr. 3, 2009).............................................................2

*Malibu Media, LLC v. Doe*,
2016 WL 7491622 (D. Md. Dec. 30, 2016)..............................................................10

*Mt. Hawley Ins. Co. v. Felman Prod., Inc.*,
269 F.R.D. 609 (S.D. W.Va. 2010)..........................................................................4

*Philips N. Am. LLC v. Probo Med. LLC*,
2022 WL 17793491 (S.D. W.Va. Dec. 19, 2022)......................................................8

*Pinter v. Dahl*,
486 U.S. 622 (1988)...............................................................................................12

*In re Seagate Tech. II Sec. Litig.*,
1993 WL 293008 (N.D. Cal. June 10, 1993) .............................................................8

**Rules**

Fed. R. Civ. P. 26(b)(1)............................................................................................12

Fed. R. Civ. P. 37 ......................................................................................................1

Local Rule 104.7 ........................................................................................................1

Local Rule 104.8 ............................................................................................................................1

Pursuant to Federal Rule of Civil Procedure 37 and Local Rules 104.7 and 104.8, Lead Plaintiffs Jeffrey Gabbert, Nuggehalli Nandkumar, and David Truong ("Plaintiffs") respectfully submit this reply memorandum of law in support of their Motion to Compel Production of Documents ("Motion").[1]

## I.      INTRODUCTION

Defendants' Opposition improperly changes the narrative of the Court's Motion to Dismiss Order and repeatedly misapplies the federal discovery rules. Failing initially at the motion to dismiss stage, Defendants instead attempt unilaterally to narrow the scope of Plaintiffs' case, which alleges that Defendants misrepresented the development of Novavax, Inc.'s ("Novavax" or the "Company") Covid-19 vaccine candidate ("Vaccine Candidate"). Indeed, Defendants seem to be arguing that *any aspect* of a discovery request (*e.g.*, clinical trials) that relates to *any aspect* of the underlying subject matter of a dismissed statement (again, clinical trials) is improper and therefore not within the scope of discovery. As discussed below, that is not how the federal rules of discovery work.

Defendants' Opposition also repeatedly misapplies the Federal Rules in contending that *Plaintiffs* fail to demonstrate why the requested information is *not* unduly burdensome or disproportionate to the needs of the case. That is not, and never has been, the standard, as it is black letter law that "[t]he burden is on the party resisting discovery to explain specifically why its objections, including those based on irrelevance, are proper given the broad and liberal construction of federal discovery rules." *Desrosiers v. MAG Indus. Automation Sys., LLC*, 675 F. Supp. 2d 598, 601 (D. Md. 2009). Defendants' Opposition repeatedly fails to demonstrate (as

---

[1] All capitalized terms have the same definition as set forth in the Memorandum of Law in Support of Plaintiffs' Motion to Compel Production of Documents dated July 18, 2023 (the "Opening Brief"). References to the Opening Brief are cited herein as "MTC at __". References to Defendants' Opposition to Plaintiffs' Motion to Compel Production of Documents dated August 4, 2023 are cited herein as "Opp. at __".

required by the Federal Rules) why certain information, time periods, custodians, and Requests are either irrelevant, overly burdensome, or disproportionate to the needs of the case and simply accuses Plaintiffs of failing to show the relevance, lack of burden, or proportionality of their Requests. But Defendants are wrong here as well, as Plaintiffs' Opening Brief demonstrated to Defendants how and why: (i) "Manufacturing Standards" should be construed to include regulatory requirements related to clinical trials; (ii) the relevant time period should begin in March or June 2021 (for certain specific Requests) and run through the present; (iii) Plaintiffs need documents and communications from lower-level custodians to prove their claims; and (iv) Defendants' training materials, documents concerning competitors' progress in developing vaccine candidates and Novavax's agreements with government entities, and Defendants' clinical development plan for its Vaccine Candidate are relevant to the misstatements and omissions alleged in the Complaint. The Opposition shows that although Defendants were obligated to proffer burden and proportionality objections against such requested relevant information, they have failed utterly to do so.

Moreover, Defendants' last-minute attempt finally to set forth some explanation of undue burden (as seen in the Declaration of C. Thomas Brown in Support of Defendants' Opposition ("Defendants' Declaration," at ¶¶3-14)) falls short. It provides not only vague, inaccurate figures for the number of documents the Requests would yield, but critically fails to establish any ***undue*** burden or disproportionality. Courts are clear that merely having to search for and produce additional documents—even if a large amount—does not alone create an ***undue*** burden on Defendants. *E.g.*, *Jones v. Pulte Home Corp.*, 2009 WL 10690096, at *3 (E.D.N.C. Apr. 3, 2009) ("search[ing] a large volume of paper and electronic information" not sufficient to show undue burden). Thus, because Defendants have failed to show how searching for and producing

additional documents outweigh the importance of the relevant information sought by Plaintiffs' Requests (let alone failing to provide any cost or expense figures whatsoever), Defendants must produce those documents.

Accordingly, this Court should reject Defendants' arguments to limit the scope of the term "Manufacturing Standards," reduce the number of relevant and important custodians, shorten the relevant time period on both ends, and avoid searching for and producing documents responsive to certain Requests and grant Plaintiffs' Motion in full.

## II.    ARGUMENT

### A.  Defendants' Arguments about the Scope of "Manufacturing Standards" Fail

Defendants continue to insist that clinical trials are completely irrelevant to this Action (Opp. at 4-6), but they are wrong. In fact, Defendants concede the relevance of clinical trials given that they agreed to produce documents concerning shortages of doses for clinical trials. *See* Opp. at 5. Defendants' insinuation, however, that producing such documents alone is sufficient to resolve the dispute concerning the scope of "Manufacturing Standards" misreads Plaintiffs' Requests. Plaintiffs do not seek only documents related to shortages of doses for clinical trials; rather, Plaintiffs seek documents concerning clinical trials because the U.S. government's requirements and regulations for clinical trials, including: (i) the number of clinical trials; (ii) purity and potency requirements; and (iii) Defendants' inability to meet those requirements affected Defendants' ability to submit an EUA and bring the Vaccine Candidate to market, which Defendants misrepresented to investors. MTC at 6-8. Such a request is not limited to trial-dose shortages, but instead encompasses any aspect of a clinical trial that relates to receiving an EUA.

Defendants' Opposition also completely ignores what Plaintiffs already explained in their Opening Brief: clinical trials are relevant in that Novavax was required to **complete** a certain number of clinical trials **prior** to the FDA granting the EUA. *See* MTC at 6. This fact alone makes

3

clear that discovery only regarding trial-dose shortages is insufficient. Accordingly, Plaintiffs request that the Court compel Defendants to construe the term "Manufacturing Standards" to include regulatory requirements as they relate to clinical trials to the extent that they are relevant to Novavax receiving an EUA for its Vaccine Candidate.

### B. Defendants' Arguments to Limit the Number of Custodians Fail

Defendants claim in their Opposition that they were willing to consider a reasonable number of additional custodians beyond 17 if Plaintiffs explained why such custodians would yield relevant and unique information. Opp. at 6. Yet when Plaintiffs *did exactly that*, Defendants nevertheless refused to include *any* additional custodians. Indeed, Plaintiffs previously provided justifications for each proposed custodian (which Plaintiffs reiterated in their Opening Brief), stating why each was relevant and showing that the proposed additional custodians would not yield only redundant information, as Defendants have insisted, because those custodians address gaps in Defendants' set of 17 custodians, including a lack of lower-level employees and employees responsible for supply chain issues, and clinical trials. *See* MTC at 8-10; Ex. 8, at 4-7.[2] As already explained, even where custodians overlap, as Defendants contend, "it is reasonable to believe that they will have additional, highly relevant materials . . . which were not shared with [existing custodians]." *See Mt. Hawley Ins. Co. v. Felman Prod., Inc.*, 269 F.R.D. 609, 620 (S.D. W.Va. 2010); MTC at 11. Furthermore, and contrary to Defendants' incorrect assertion (*see* Opp. at 8), Plaintiffs explicitly explained to Defendants during telephonic meet and confers and in writing what courts across the country consider noncontroversial: because federal securities fraud claims

---

[2] Tellingly, Defendants only claim Plaintiffs did not "*seriously* attempt" to demonstrate each custodian's relevance and importance prior to the Opening Brief (Opp. at 7, emphasis added), but Defendants' failure to take Plaintiffs' detailed justification seriously does not refute Plaintiffs' showing of relevance.

depend on proving elements other than only scienter—such as falsity—lower-level custodians are also relevant. Ex. 6, at 2; MTC at 11-12.[3]

Defendants continue to assert that they need not consider additional custodians because Plaintiffs did not justify that the relevant information from the custodians will outweigh the burden and costs of searching their files. Opp. at 6-7, 11. However, as explained, it is ***Defendants'*** responsibility to show that additional custodians are ***unduly*** burdensome. MTC at 10-11 (citing *Desrosiers*, 675 F. Supp. 2d at 601). Defendants' last-minute effort to assert a burden objection in Defendants' Declaration provides only vague, inaccurate figures for the number of documents the Requests would yield, and thus fails to establish an ***undue*** burden or disproportionality. *See* Section II.E, *infra*. Indeed, Defendants waited ***six months*** to provide even this insufficient information concerning any purported burden. *See* MTC at 3. Courts reject such belated attempts by objectors to document burden. *See Alston v. Equifax Info. Servs., LLC*, 2015 WL 1807952, at *2 (D. Md. Apr. 17, 2015) (holding that burden objection is waived where "Defendant had ample opportunity to provide [burden] information in the nearly six months between Plaintiff''s initial discovery request and Defendant's reply to that discovery request" as well as time during pendency of motion to compel).

---

[3] Defendants' repeated insinuation that Plaintiffs are acting unreasonably by attempting to "double" the list of custodians is disingenuous. It is not the case that Plaintiffs initially thought 17 custodians were sufficient and then later decided to add more. Defendants unilaterally decided that 17 were sufficient, and then engaged in nothing short of gaslighting by arguing Plaintiffs were the unreasonable ones, when Plaintiffs merely explained that 17 were not sufficient for a case of this magnitude that encompasses many different issues and elements. That is, Defendants cannot simply pick a low number of custodians, credit themselves for "voluntarily doubl[ing] their initial list to offer a total of seventeen names" (Opp. at 6) (*i.e.*, retreating from an obviously unreasonable position), and then complain that Plaintiffs are being unreasonable by insisting a higher number is required for this particular Action. In fact, "there is no definitive right or wrong answer when it comes to the proper number of custodians to be selected in every securities fraud case." *Edwards v. McDermott Int'l, Inc.*, 2021 WL 5121853, at *2 (S.D. Tex. Nov. 4, 2021) (compelling defendants to search the emails of 50 custodians).

Accordingly, Plaintiffs respectfully request that the Court compel Defendants to search the files of the 13 additional custodians proposed by Plaintiffs in their Opening Brief.[4]

## C. Defendants' Arguments to Shorten the Relevant Time Period Fail

### 1. Start Date of the Relevant Time Period for Requests 2, 12-14, 16, and 23

Defendants' argument that the relevant time period for Requests 2, 12-14, 16, and 23 should not start earlier than November 1, 2020 should be rejected. For starters, Defendants again argue that Plaintiffs failed to demonstrate why beginning the relevant time period for these requests at an earlier date is not burdensome (Opp. at 15-16), but all that Plaintiffs must do is establish why the earlier start date is relevant—which Plaintiffs have done in detail by, among other things, pointing to allegations (which Defendants have expressly denied) concerning Defendants' knowledge that Novavax lacked the ability to scale up vaccine production, FUJIFILM's obligation to notify Defendants of deficiencies at the TX and NC Facilities, and Defendants' lack of a clinical development plan (MTC at 13-18).

Without repeating every point made in the Opening Brief, a few clarifications are required based upon Defendants' misunderstanding of the Requests and Federal Rules. For example, for Request 2, Defendants' suggestion that Plaintiffs could instead seek pre-November 1, 2020 information through deposition testimony is meritless. Opp. at 16-17. Plaintiffs are entitled to document discovery just as they are entitled to deposition discovery. Regarding Requests 12, 13, and 14, Defendants claim that they have already agreed to produce the contracts that Plaintiffs seek. Opp. at 18. However, Defendants ignore that these Requests—*i.e.*, the elements of these

---

[4] Plaintiffs take note of and appreciate Defendants' clarification of and distinction between Jose Torres-Vorshirm, Novavax's former VP of Global Supply Chain & Strategic Sourcing, and Jose Torres, FUJIFILM's VP of Quality Operations. Opp. at 10-11. In light of this clarification, Plaintiffs are not proposing the latter as a custodian. However, for the reasons set forth in prior correspondence and in the Opening Brief, Plaintiffs believe Jose Torres-Vorshirm should still be included as a custodian based on his job title and description.

Requests that are in dispute here—seek documents and communications *concerning* those contracts, not just the contracts themselves. MTC at 13-15.

Additionally, with respect to Request 16, Defendants again rely on their flawed assertion that nothing related to clinical trials is relevant to this Action, as well as take issue with Plaintiffs' citation to certain Complaint paragraphs, claiming that Plaintiffs misrepresent their Complaint's substance because such paragraphs supposedly make no mention of a clinical development plan. Opp. at 19. As an initial matter, Paragraphs 184, 201, and 205 cross-reference paragraphs that expressly discuss clinical development plans. *See* ¶¶184, 201, 205 (cross-referencing ¶¶168-173, which discuss, *inter alia*, Novavax's lack of clinical development plan and vaccine dose shortages). Moreover, and critically, Defendants ignore the litany of additional examples Plaintiffs have set forth demonstrating the clinical trials' relevance to this Action, including that related documents are necessary to show that Defendants' lack of a clinical development plan affected their ability to produce doses for clinical trials, allegations that Defendants deny. *See, e.g.*, MTC at 24-25. Accordingly, documents in response to Request 16 (as of March 1, 2020) are relevant to this Action. Finally, regarding Request 23, Defendants' arguments essentially boil down to their disagreement with Plaintiffs' reasons why investigations, examinations, audits, and reviews prior to November 1, 2020 are relevant. Opp. at 20. Defendants do not claim that searching for and producing such documents is unduly burdensome or disproportionate to the Action's needs. *Id.* In any event, Plaintiffs seek documents responsive to Request 23 because negotiations of agreements with government entities would have included inquiries into Novavax's ability to meet purity and potency requirements and representations by Defendants concerning Novavax's ability to comply with those requirements—inquiries that are relevant to Plaintiffs' allegations concerning the severity of issues identified by the FDA in Spring 2021 and the materiality of Defendants'

7

misrepresentations about Novavax's vaccine development processes to investors. MTC at 17-18. Although Defendants suggest that Request 23 is speculative because Plaintiffs have not proven that Defendants discussed purity and potency issues with the government during negotiation of the agreements (*see* Opp. at 20), a general assertion that a discovery request is speculative is not a sufficient objection where, as here, the request relates to a "core issue of fact in the case." *See Philips N. Am. LLC v. Probo Med. LLC*, 2022 WL 17793491, at *4 (S.D. W.Va. Dec. 19, 2022).

Accordingly, the Court should compel Defendants to apply a start date of March 1, 2020 to a search for documents responsive to Requests 12-14, 16, and 23, and a start date of June 1, 2020 to a search for documents responsive to Request 2.

### 2. End Date of the Relevant Time Period for All Requests

Defendants' arguments against ending the relevant time period at the "present" should likewise be rejected. Defendants claim that Plaintiffs have failed to offer any compelling explanation for why documents to the present are relevant (Opp. at 13), but that is not true. Plaintiffs have provided multiple examples of why documents up until the present are relevant, including that Defendants continue to dispute the accuracy of the *Politico* article that allegedly disclosed their fraud. MTC at 19-21. The responsibility to demonstrate that searching for and producing such documents is unduly burdensome is to Defendants', but they have failed to provide such an explanation. *See* Section II.E, *infra*. Further, Defendants' insistence that a relevant time period longer than a few weeks after the close of the Class Period is unduly burdensome on its face is simply wrong. *E.g.*, *In re Seagate Tech. II Sec. Litig.*, 1993 WL 293008, at *1-2 (N.D. Cal. June 10, 1993) (defendants' attempt to confine discovery to a period beginning three months before the start of the class period and ending three weeks after the class period is "artificial, arbitrary and designed to avoid the production of relevant documents").

Accordingly, the Court should compel Defendants to apply an end date of "the present" to every Request.

### D. Defendants' Remaining Arguments Concerning Specific Requests Fail

Defendants' remaining arguments as to specific Requests also fail. For instance, regarding Request 8, Defendants ignore the many specific reasons why the requested training materials are relevant to this Action, such as citations to specific allegations concerning new employees' lack of manufacturing experience and inadequate and ineffective training, as identified by the FDA. MTC at 21-22. Contrary to Defendants' contention otherwise, Plaintiffs need not demonstrate that the production would be proportional to the Action's needs (Opp. at 21). Because Plaintiffs have already demonstrated the documents' relevance, it falls on Defendants to show that the Request is *disproportionate* to the Action's needs. *See Desrosiers*, 675 F. Supp. 2d at 601. Defendants have failed to meet their burden.

Regarding Request 11, Defendants again ignore what the Request is seeking, and instead conclusively assert that Plaintiffs are not entitled to *any* documents concerning the development of competitors' Covid-19 vaccines. Opp. at 21. Defendants further contend that the Request would require Defendants to search for and review every document that relates to a competitor without any limitations. *Id.* However, Defendants omit from their argument the actual language of the Request, which explicitly narrows the competitor Covid-19 documents to those relating to Novavax's market share or competitive position or to any heightened scrutiny, investigation, or government enforcement action. MTC at 22-23. Such limitations render the Request directly relevant to the Complaint's allegations that Defendants rushed development of the Vaccine Candidate because they were concerned about competitors' progress (allegations Defendants deny) (*id*.) and belies Defendants' assertion that the Request is too broad (Opp. at 21).

Regarding Request 13, Defendants claim that they already agreed to produce documents in response to Request 2, and claim those are sufficient to satisfy this Request. Opp. at 22. But as noted above, Plaintiffs are seeking documents beyond merely the agreements. Notably, Defendants have failed to even make a burden or proportionality argument but instead merely argues that Request 13 is seeking irrelevant information. Opp. at 22. Defendants' failure to raise any such arguments alone is dispositive.

Finally, regarding Request 16, Defendants claim that they need not search for or produce documents responsive to this Request because clinical trials are purportedly no longer relevant to this Action. However, as already explained multiple times (s*ee, e.g.*, Section II.C.1, *supra*), Defendants are wrong.

Accordingly, the Court should compel Defendants to produce: (i) training materials provided to new employees at Novavax's manufacturing facilities; (ii) documents concerning the production or distribution of any approved or potential Covid-19 vaccine by any of Novavax's competitors; (iii) documents concerning agreements between Novavax and any government entity, initiative, or program in connection with the Vaccine Candidate; and (iv) documents concerning any formal or informal clinical development plan for the Vaccine Candidate.

## E. Defendants' Burden and Proportionality Objections Fail

As explained in Plaintiffs' Opening Brief, because Defendants did not assert proper and adequate burden and proportionality objections in response to Plaintiffs' Requests, "any objections [in their Opposition] would be considered waived." *Malibu Media, LLC v. Doe*, 2016 WL 7491622, at *2 (D. Md. Dec. 30, 2016); MTC at 11, 15-17. Even if the Court were to consider Defendants' burden arguments, Defendants' objections within their Declaration are inadequate because Defendants provided no particularized factual basis for them. *E.E.O.C. v. McCormick & Schmick's Seafood Rests., Inc.*, 2012 WL 380048, at *1 (D. Md. Feb. 3, 2012) ("Where a party

10

objects to discovery on the grounds of unreasonable burden or expense, that party must provide a particularized factual basis for the objection."). Indeed, Defendants' observation that expanding the relevant time period, adding additional custodians, and searching for additional documents would yield more document results is uncontroverted and obvious. But that does not rise to an *undue* burden as contemplated by the Federal Rules. "[T]he mere fact that responding to a discovery request will require [a party] to expend considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object to a relevant discovery request." *Columbian Chems. Co. v. AIG Specialty Ins. Co.*, 2015 WL 12755711, at *3 (N.D. W.Va. Sept. 18, 2015) (citation omitted).

In particular, the explanation in Defendants' Declaration still does not demonstrate that adding 13 custodians is unduly burdensome. For example, although Defendants criticize Plaintiffs for not showing that the benefits of the requested discovery outweigh the costs (Opp. at 7), Defendants themselves never explain what the costs are or would be. Instead, Defendants merely offer arbitrary, hypothetical "rough[] estimate[s]" (Opp. at 24) for the number of documents that the additional custodians would yield. However, even that number fails to show the actual burden because the number does not include the application of search terms or technology assisted review ("TAR") processes, which would reduce the number of documents Defendants actually need to review.

Similarly, Defendants' Declaration merely shows that extending the relevant time period in either direction could add *more* documents, but it does not demonstrate an undue burden on Defendants. In fact, Defendants' burden calculations are highly misleading as to the end date of the relevant time period because Defendants' calculations are based on the flawed assumption that the "documents . . . are approximately equivalently distributed . . . across time." Defendants'

Declaration, ¶14. That is, Defendants' calculations are based on the idea that the number of documents throughout the entire post-Class Period timeframe will be equal or nearly equal to the number in the Class Period timeframe. However, it is highly unlikely that the number of email communications about manufacturing problems during the Class Period would be equal to or even close to the number of communications months or years after the Class Period. Thus, while such a time period will still capture relevant documents as already explained, the number of relevant documents would realistically be much lower than during the Class Period, thereby cutting against Defendants' calculations and burden arguments.

Defendants' proportionality arguments fare no better. The Federal Rules look to the following factors when assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, the discovery requested is proportional to the needs of this Action and not unduly burdensome to Defendants. The issues at stake in this case are of substantial public importance as they relate to protecting investors from securities fraud in the context of a class action consisting of thousands of class members. *See, e.g.*, *Pinter v. Dahl*, 486 U.S. 622, 632 (1988) (recognizing "the importance of the issues involved to the administration of the federal securities laws"). Further, the amount in controversy is in the hundreds of millions to billions of dollars, which favors finding the requests here proportional to the needs of the case. Furthermore, Defendants' relative ease of access to relevant information, which is in their sole possession, also favors granting the instant motion to compel. Finally, the benefit of the discovery plainly outweighs the burden on Defendants as the

12

information sought above is important to Plaintiffs' claims and the burden on Defendants is minimal.

## III.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant their Motion in its entirety.

Dated: August 18, 2023

Respectfully submitted,

**LABATON SUCHAROW LLP**

*/s/ Michael Rogers*
Michael H. Rogers (admitted *pro hac vice*)
David J. Schwartz (*pro hac vice* forthcoming)
James T. Christie (admitted *pro hac vice*)
Philip J. Leggio (admitted *pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mrogers@labaton.com
dschwartz@labaton.com
jchristie@labaton.com
pleggio@labaton.com

**POMERANTZ LLP**

*/s/ Brian Calandra*
Jeremy A. Lieberman (admitted *pro hac vice*)
Brian Calandra (admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
bcalandra@pomlaw.com

***Counsel for Co-Lead Plaintiffs and
Lead Counsel for the Class***

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of August, 2023, I served a copy of the

foregoing Reply Memorandum of Law in Support of Plaintiffs' Motion to Compel Production of

Documents via email upon:

C. Thomas Brown
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7464
Thomas.Brown@ropesgray.com

Peter L. Welsh
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7865
Peter.Welsh@ropesgray.com

Edward R. McNicholas
Bar No. 24833
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006
(202) 508-4779
Edward.McNicholas@ropesgray.com

Stefan P. Schropp
Bar No. 21699
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9938
Stefan.Schropp@ropesgray.com

*Counsel for Defendants*

SO CERTIFIED this 18th day of August, 2023.

*/s/ Philip J. Leggio*
Philip J. Leggio

14