# Exhibit 1

EXECUTION VERSION

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| SOTHINATHAN SINNATHURAI, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. TDC-21-2910 |
| Plaintiff, | |
| v. | |
| NOVAVAX, INC., STANLEY C. ERCK, GREGORY F. COVINO, JOHN J. TRIZZINO, and GREGORY M. GLENN, | |
| Defendants. | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is made and entered into by and between Court-appointed Lead Plaintiffs Jeffrey A. Gabbert, Nuggehalli Balmukund Nandkumar, and David Truong ("Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and Novavax, Inc. ("Novavax" or the "Company") and Stanley Erck ("Erck"), Gregory Covino ("Covino"), John Trizzino ("Trizzino"), and Gregory Glenn ("Glenn") (collectively, the "Individual Defendants" and, with Novavax, "Defendants"), on the other, and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). This Stipulation is intended by Lead Plaintiffs and Defendants (collectively, the "Parties") to fully, finally, and forever resolve, discharge, and settle the Released Plaintiffs' Claims as against the Released Defendant Parties and the Released Defendants' Claims as against the Released Plaintiff Parties (each of these capitalized

terms is defined below), upon and subject to the terms and conditions hereof and subject to the Court's approval.

**WHEREAS:**

A.      All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶1 hereof entitled "Definitions."

B.      In November 2021, a class action complaint (*Sothinathan Sinnathurai v. Novavax, Inc., et al.*, 8:21-cv-02910-TDC (ECF No. 1) was filed against Novavax, Erck, Covino, and Trizzino in the United States District Court for the District of Maryland (the "Court") alleging violations of the federal securities laws.

C.      By Order dated January 26, 2022, the Court: (i) appointed Truong, Nandkumar, and Gabbert as Lead Plaintiffs; and (ii) approved Labaton Sucharow LLP (now known as Labaton Keller Sucharow LLP) and Pomerantz LLP as Co-Lead Counsel. ECF No. 4.

D.      On March 11, 2022, Lead Plaintiffs filed the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint," ECF No. 56) asserting claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Defendants made materially false and misleading statements and omissions with respect to the production and development of Novavax's Covid-19 vaccine candidate.  The Complaint further alleged that the price of Novavax common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions and declined when the truth was allegedly revealed through a series of partial corrective disclosures.

E.      On April 25, 2022, Defendants filed a motion to dismiss the Complaint.  ECF No. 64.  On June 9, 2022, Lead Plaintiffs filed their memorandum of law in opposition to the motion to dismiss (ECF No. 65), and on July 11, 2022 Defendants filed their reply (ECF No. 69).

F.      On December 12, 2022, the Court entered its Memorandum Opinion denying in part and granting in part Defendants' motion to dismiss the Complaint (the "MTD Opinion"). ECF No. 75.

G.      On December 27, 2022, Defendants filed their Answer to the Complaint, ECF No. 77, and discovery commenced.

H.      Prior to the start of formal discovery in the Action, Lead Plaintiffs, through Co-Lead Counsel, had conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing:  (i) documents filed publicly by the Company with the U.S. Securities and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses.

I.      Lead Plaintiffs also submitted requests to the U.S. Food and Drug Administration ("FDA") and the SEC pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and to the U.S. Government Accountability Office ("GAO") pursuant to the Code of Federal Regulations, Public Availability of Government Accountability Office Records, 4 C.F.R. §81. In response, Lead Plaintiffs received approximately 27 documents from the FDA, approximately 37 documents from the SEC, and approximately 4 documents from the GAO.

J.      On March 16, 2023, Lead Plaintiffs filed their motion for class certification and appointment of class representatives and class counsel.  ECF No. 85.  On September 22, 2023, Defendants filed their opposition to Lead Plaintiffs' motion for class certification and appointment of class representatives and class counsel.  ECF No. 106.  On October 11, 2023, Defendants filed a corrected version of their opposition.  ECF No. 111-1.  On November 13, 2023, Lead Plaintiffs filed their reply.  ECF No. 122.

K.      On July 18, 2023, Lead Plaintiffs served (not filed, per the Court's local rules) on Defendants a motion to compel the production of documents regarding the scope of discovery. On August 4, 2023, Defendants served on Lead Plaintiffs their opposition to Lead Plaintiffs' motion to compel.  On August 18, 2023, Lead Plaintiffs served on Defendants their reply brief in support of the motion to compel.  On August 23, 2023, Lead Plaintiffs filed the motion to compel briefing with the Court regarding the scope of discovery.  ECF No. 97.

L.      On November 3, 2023, the Court held a hearing on Lead Plaintiffs' motion to compel. Having reviewed the parties' papers and heard argument, Magistrate Judge Quereshi granted in part and denied in part Lead Plaintiffs' motion.

M.      In connection with formal discovery, Defendants produced approximately 57,676 documents (about 311,690 pages) to Lead Plaintiffs, and Lead Plaintiffs produced approximately 88 documents (about 2,330 pages) to Defendants.  Furthermore, third parties produced approximately 4 documents (about 373 pages).  In total, approximately 58,000 documents were produced by the Parties and third parties in formal discovery.

N.      In connection with Lead Plaintiffs' March 16, 2023 class certification motion, Defendants deposed, and Lead Plaintiffs defended the depositions of, Truong, Nuggehalli Nandkumar, and Gabbert, as well as Lead Plaintiffs' market efficiency and price impact expert,

Chad Coffman of Global Economics Group LLC. In addition, Lead Plaintiffs deposed Defendants' own expert on market efficiency and price impact, Prof. S.P. Kothari, Professor of Accounting and Finance at MIT's Sloan School of Management.

O.      Further, Defendants served, and Lead Plaintiffs responded to, multiple interrogatories and document requests to Lead Plaintiffs.

P.      The Parties began exploring the possibility of a settlement in June 2023. Specifically, the Parties agreed to engage in mediation and subsequently retained Gregory P. Lindstrom of Phillips ADR Services to act as mediator in the case (the "Mediator"). On June 27, 2023, Co-Lead Counsel and Defendants' Counsel, among others, participated in a full-day, in-person mediation session before the Mediator. In advance of that session, the Parties submitted detailed mediation statements to the Mediator, together with numerous supporting exhibits, which addressed both liability and damages issues. The session ended without any agreement being reached. The Parties continued discussions with the Mediator following the mediation to further explore the possibility of a settlement.

Q.      The Parties participated in a second in-person mediation session before the Mediator on November 30, 2023. In advance of this session, Co-Lead Counsel submitted a supplemental mediation statement for the Mediator's eyes only, and further exhibits. At the conclusion of that mediation session, the Parties reached an agreement in principle to settle the Action, which was memorialized in a confidential term sheet executed and finalized on November 30, 2023 (the "Term Sheet"), subject to the execution of a customary "long form" stipulation and agreement of settlement and related papers.

R.      This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties and supersedes the Term Sheet.

S.    Lead Plaintiffs believe that the claims and allegations in the Action have merit and that the information developed to date supports the claims and allegations asserted. However, Lead Plaintiffs and Co-Lead Counsel have taken into account the uncertain outcome and the risk of litigation, especially complex actions such as the Action, as well as the difficulties and delays inherent in such litigation. Co-Lead Counsel are mindful of the inherent problems of proof and the defenses to the claims alleged in the Action. Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.

T.    Throughout this litigation, Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws, and are entering into this Stipulation solely to avoid and eliminate the burden, expense, uncertainty, and risk of further litigation, as well as the business disruption associated therewith. Each Defendant has expressly denied and continues to deny any and all allegations of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, including, but not limited to, all contentions concerning Defendants' business, conduct and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability. Defendants also have denied and continue to deny, *inter alia*, the allegations that Lead Plaintiffs or Settlement Class Members have suffered damages or were otherwise harmed in any way by any of the Defendants or by the conduct alleged in the Action. Defendants further have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with applicable rules, regulations, and laws.

**NOW THEREFORE**, without any concession by Lead Plaintiffs that the Action lacks merit, and without any admission or concession by Defendants of any liability or wrongdoing or lack of merit of their defenses, it is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation (the "Parties"), through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), that, in consideration of the benefits flowing to the Parties hereto, all Released Plaintiffs' Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)      "Action" means the civil action captioned *Sinnathurai v. Novavax, Inc., et al.,* Case No. 8:21-cv-02910-TDC, pending in the United States District Court for the District of Maryland before the Honorable Theodore D. Chuang.

(b)      "Alternative Judgment" means a form of final judgment that may be entered by the Court but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c)      "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

(d)     "Claims Administrator" means the firm to be retained by Co-Lead Counsel, subject to Court approval, to provide all notices approved by the Court to potential Settlement Class Members, to process Proof of Claim and Release forms, and to administer the Settlement.

(e)     "Class Period" means the period from May 11, 2021 through October 19, 2021, inclusive.

(f)     "Co-Lead Counsel" means the law firms of Labaton Keller Sucharow LLP and Pomerantz LLP.

(g)     "Defendants" means Novavax, Inc., Stanley Erck, Gregory Covino, John Trizzino, and Gregory Glenn.

(h)     "Defendants' Counsel" means the law firm of Ropes & Gray LLP.

(i)     "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶39 below.

(j)     "Escrow Account" means the separate escrow account maintained at Citibank, N.A. (Private Bank), wherein the Settlement Amount shall be deposited and held for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(k)     "Escrow Agent" means Co-Lead Counsel.

(l)     "Fee and Expense Application" means Co-Lead Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including any costs and expenses of Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) of the PSLRA.

(m)     "Final," with respect to a court order, including the Judgment or Alternative Judgment, means the later of: (i) if there is an appeal from a court order the date of

final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses to Co-Lead Counsel, shall not in any way delay or affect the time set forth above for the Judgment or Alternative Judgment to become Final or otherwise preclude the Judgment or Alternative Judgment from becoming Final.

(n)    "Immediate Family(ies)" means, as set forth in 17 C.F.R. § 229.404, children, stepchildren, parents, stepparents, Spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  "Spouse" as used in this definition means a husband, a wife, or a partner in a state-recognized domestic partnership, civil union, or marriage.

(o)    "Individual Defendants" means Stanley Erck, Gregory Covino, John Trizzino, and Gregory Glenn.

(p)     "Judgment" means the proposed final order and judgment to be entered by the Court approving the Settlement and dismissing the Complaint with prejudice, substantially in the form attached hereto as Exhibit B.

(q)     "Lead Plaintiffs" means Jeffrey A. Gabbert, Nuggehalli Balmukund Nandkumar, and David Truong.

(r)     "Liaison Counsel" means Cohen Milstein Sellers & Toll PLLC.

(s)     "Litigation Expenses" means the costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class pursuant to the PSLRA), for which Co-Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

(t)     "Mediator" means Gregory P. Lindstrom of Phillips ADR Services.

(u)     "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and Litigation Expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees and expenses approved by the Court.

(v)     "Notice" means the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-1.

(w)     "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims;

(iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(x)     "Person(s)" means any individual, natural person, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(y)     "Plaintiffs' Counsel" means Labaton Keller Sucharow LLP, Pomerantz LLP, Cohen Milstein Sellers & Toll PLLC, Portnoy Law Firm, Hagens Berman Sobol Shapiro LLP, and Johnson Fistel, LLP

(z)     "Plan of Allocation" means any plan for the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.

(aa)    "Postcard Notice" means the postcard notice concerning the Action and Settlement to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-4.

(bb)    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(cc)    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the

form attached hereto as Exhibit A-2, and which a claimant must complete and submit should that claimant seek to share in a distribution of the Net Settlement Fund.

(dd)    "Released Defendant Parties" means Defendants and each of their respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them, in their capacities as such; and the predecessors, successors, assigns, estates, Immediate Family, heirs, executors, trusts, trustees, administrators, agents, legal representatives, and assignees of each of them, in their capacities as such, as well as any trust of which any Released Defendant Party is the settlor or which is for the benefit of any of their Immediate Family members.

(ee)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted against Defendants in this Action, except for claims relating to the enforcement of the Settlement or any claims against any person who submits a request for exclusion that is accepted by the Court.

(ff)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(gg)    "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, both (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action and (2) the purchase or acquisition of Novavax publicly traded common stock during the Class Period. Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement and (ii) claims brought in the following actions: *Meyer v. Erck, et al.*, No. 8:21-cv-02996-TDC (D. Md.) (filed November 22, 2021) (the "Meyer Action"); *Yung v. Erck, et al.*, No. 8:21-cv-03248-TDC (D. Md.) (filed December 21, 2021) (the "Yung Action"); *Kirst, et al. v. Erck, et al.*, No. C-15-CV-21-000618 (Md. Cir. Ct.) (filed December 28, 2021) (the "Kirst Action"); *Snyder v. Erck, et al.*, No. 8:22-cv-01415-TDC (D. Md.) (filed June 10, 2022) (the "Snyder Action"); *Blackburn, et al. v. Erck, et al.*, No. 1:22-cv-01417-TDC (D. Md.) (filed June 10, 2022) (the "Blackburn Action"); *Mesa v. Erck, et al.*, No. 2022-0770-NAC (Del. Ch.) (filed August 30, 2022) (the "Mesa Action"); *Acosta v. Erck, et al.*, No. 2022-1133-NAC (Del. Ch.) (filed December 7, 2022) (the "Acosta Action"); *Needelman v. Erck, et al.*, No. C-15-CV-23-001550 (Md. Cir. Ct.) (filed May 23, 2023) (the "Needelman Action").

(hh)    "Released Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Plaintiffs' Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys,

predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the spouses, Immediate Families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their Immediate Family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(ii)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(jj)    "Settlement Amount" means the total principal amount of forty-seven million U.S. dollars ($47,000,000) in cash.

(kk)    "Settlement Class" or "Settlement Class Member" mean all persons or entities who or which, during the period from May 11, 2021 through October 19, 2021, inclusive, purchased or otherwise acquired the publicly traded common stock of Novavax, Inc. and were damaged thereby.   Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Families of any Defendant who is an individual; (iii) any person who was an officer or director of Novavax during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) parents, affiliates, or subsidiaries of Novavax; (vi) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (vii) the legal representatives, agents, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (viii) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.

(ll)    "Settlement Fund" means the Settlement Amount and any interest or income earned thereon.

(mm)  "Settlement Hearing" means the hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(nn)    "Stipulation" means this Stipulation and Agreement of Settlement.

(oo)    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-3.

(pp)    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(qq)    "Unknown Claims" means any and all Released Plaintiffs' Claims that Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of

the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Plaintiffs' Claims or the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.      The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and to the Judgment, or Alternative Judgment, reflecting such approval becoming Final;

and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Plaintiffs' Claims and Released Defendants' Claims.

3.    For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶1(kk); (ii) the appointment of Lead Plaintiffs as Class Representatives for the Settlement Class; and (iii) the appointment of Co-Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

4.    By operation of the Judgment or Alternative Judgment, without further action by anyone, as of the Effective Date, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

5.    By operation of the Judgment or Alternative Judgment, without further action by anyone, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved,

relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

## THE SETTLEMENT CONSIDERATION

6.       In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶4-5, above, all of which the Parties agree are good and valuable consideration, Novavax (on behalf of itself and all other Defendants) agrees to pay or cause the payment of the Settlement Amount into the Escrow Account no later than thirty (30) business days following the later of (i) the date of entry of the Preliminary Approval Order; or (ii) the date that Co-Lead Counsel (a) provide to Defendants' Counsel the information necessary to effectuate a transfer of funds to the Escrow Account, including but not limited to, complete payment instructions, including a Form W-9 for the Settlement Fund, and (b) provide verbal confirmation of the payment instructions to Novavax or to any entity making payment on behalf of Novavax.

7.       Lead Plaintiffs and each of the Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all claims that are released hereunder. With the sole exceptions of Novavax's obligation to pay or cause the payment of the Settlement Amount into the Escrow Account as provided for in ¶6, Novavax's obligation pursuant to ¶21, and Novavax's obligation pursuant to ¶37, Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Co-Lead Counsel or the Claims Administrator, or any of their respective designees or agents, in connection with the

administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

8.      Other than the obligation of Novavax to pay or cause the payment of the Settlement Amount pursuant to ¶6, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation.

## USE AND TAX TREATMENT OF SETTLEMENT FUND

9.      The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses of Plaintiffs' Counsel awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

10.      The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶22–35 hereof.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing

transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("FDIC") in amounts that are up to the limit of FDIC insurance. Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

11.    After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, the Escrow Agent shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 11, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

(a)    For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. § 1.468B promulgated thereunder, the "administrator" shall be Co-Lead Counsel or their successors, which shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "Tax Returns") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)). Such Tax Returns (as well

as the election described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 11.

(b)　　All Taxes shall be paid out of the Settlement Fund.　In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority or any expenses associated therewith.　Neither Defendants nor Defendants' Counsel shall have any liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount or the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority.　In the event any Taxes are owed by any of the Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)　　Taxes with respect to the Settlement Fund and the Escrow Account shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid, or caused to be paid, by the Escrow Agent out of the Settlement Fund without prior order from the Court or approval by Defendants.　Co-Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(l)(2)).　The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 11.

12.     This is not a claims-made settlement.  As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

13.     Co-Lead Counsel will apply, on behalf of Plaintiffs' Counsel, to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including reimbursement to Lead Plaintiffs pursuant to the PSLRA, plus earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.

14.     The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and Litigation Expenses awarded by the Court shall be payable from the Settlement Fund to Co-Lead Counsel immediately after entry of the Order awarding such attorneys' fees and Litigation Expenses and entry of the Judgment or Alternative Judgment, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof, or as otherwise ordered by the Court.  Co-Lead Counsel shall allocate any Court-awarded attorneys' fees and Litigation Expenses among Plaintiffs' Counsel.

15.     Any payment of attorneys' fees and Litigation Expenses pursuant to ¶¶13–14 above shall be subject to Co-Lead Counsel's obligation to make full refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if any, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on

remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order.  Co-Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

16.     With the sole exception of Novavax's obligation to pay, or cause the payment of, the Settlement Amount into the Escrow Account as provided for in ¶6, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Co-Lead Counsel in the Action that may occur at any time.

17.     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

18.     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account.  The Settlement Fund will be the sole source of payment from the Released Defendant Parties for any award of attorneys' fees and expenses ordered by the Court.

19.     The Settlement is not conditioned upon any award of attorneys' fees and expenses. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in

an amount less than the amount requested by Co-Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment or Alternative Judgment approving the Stipulation and the Settlement set forth herein.  Lead Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶40 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

## NOTICE AND ADMINISTRATION EXPENSES

20.    Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

21.    Notwithstanding the fact that the Settlement has not reached the Effective Date, without further approval from Defendants or further order of the Court, Co-Lead Counsel may pay actual and reasonable Notice and Administration Expenses from the Settlement Fund.  Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court. Novavax (on behalf of itself and all other Defendants) shall be responsible for providing any required notice under the Class Action Fairness Act of 2005 ("CAFA Notice"), if any, at its own expense, no later than ten (10) calendar days following the filing of this Stipulation with the Court.  Novavax will provide, to the extent reasonably available, its transfer agent's lists of purchasers of record during the Class Period in electronic searchable form, such as Excel, at no cost to the Settlement Class or Co-Lead Counsel.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

22.    Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

23.    The Claims Administrator, subject to such supervision and direction of Co-Lead

Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. None of the Released Defendant Parties shall have responsibility (except as stated in ¶¶6, 21 and 37 hereof) for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to any Person, including, but not limited to, Lead Plaintiffs, any member of the Settlement Class, and Co-Lead Counsel in connection with such administration.

24.     The Claims Administrator shall receive claims and determine, *inter alia*, whether the claim is valid, in whole or part, and each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

25.     Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of the Settlement or this Stipulation and it is not a condition of the Settlement or this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Co-Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶40 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

26.     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

27.     If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance, in an equitable and economic fashion, among Authorized Claimants who have cashed their checks.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to Consumer Federation of America, or such other private, non-profit, non-sectarian 501(c)(3) organization designated by Lead Plaintiffs and approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

28.     Any Settlement Class Member who fails to timely submit a valid Claim Form (substantially in the form of Exhibit A-2) will not be entitled to receive any distribution from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Co-Lead Counsel in their discretion, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and all releases provided for herein, and will be barred and enjoined, to the fullest extent

permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

29.    Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Co-Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Co-Lead Counsel deem to be *de minimis* or formal or technical defects in any Proof of Claim submitted.  The Released Defendant Parties shall have no liability, obligation or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging claims.  Co-Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

30.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Co-Lead Counsel in their discretion or by Order of the Court.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Co-Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms

of the Judgment or Alternative Judgment and all releases provided for herein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties. A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Co-Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)    Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under supervision of Co-Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser

period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court. Claimants bear the burden of establishing the sufficiency of their claim.

31.    Each claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including but not limited to, all releases provided for herein and in the Judgment or Alternative Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

32.    Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all claimants. All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternative Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

33.    All proceedings with respect to the administration, processing, and determination of claims described by this Stipulation and the determination of all controversies relating thereto,

including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment or Alternative Judgment.

34.    No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶28–34) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

35.    No Person shall have any claim against Lead Plaintiffs, Co-Lead Counsel, or the Claims Administrator, or other agent designated by Co-Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

36.    Concurrently with the application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Co-Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

37.    Novavax, to the extent it has not already done so, shall provide, or cause to be provided, to Co-Lead Counsel or the Claims Administrator, within seven (7) business days of entry of the Preliminary Approval Order, at no cost to Lead Plaintiffs or the Settlement Class, to the

extent reasonably available, its transfer agent's lists of purchasers of record during the Class Period, in electronic searchable form, such as Excel.

## TERMS OF THE JUDGMENT

38.     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

39.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account;

(c)     approval by the Court of the Settlement, following notice to the Settlement Class, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)     a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final; or in the event that an Alternative Judgment has been entered, the Alternative Judgment has become Final.

## WAIVER OR TERMINATION

40.     Defendants and Lead Plaintiffs, respectively, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the

Court's Final refusal to approve this Stipulation or any material part thereof; (iii) the Court's Final refusal to enter (a) the Judgment in any material respect or (b) an Alternative Judgment; (iv) the date upon which the Judgment or Alternative Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Fourth Circuit, or the Supreme Court of the United States; or (v) a Final order declining to dismiss the Action with prejudice. Without limitation, any reduction in the scope of the definitions of the Settlement Class or Released Plaintiffs' Claims will be deemed material. For the avoidance of doubt, Lead Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application, the Plan of Allocation, or any other plan of allocation.

41.     In addition to the foregoing, Novavax, in its sole discretion, shall also have the option to terminate the Settlement in the event the Termination Threshold (defined below) has been reached. Simultaneously herewith, Defendants' Counsel and Co-Lead Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). The Supplemental Agreement sets forth certain conditions under which Novavax shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "Termination Threshold"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall

become null and void and of no further force and effect, with the exception of the provisions of ¶¶46–48 which shall continue to apply.

42.    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Upon receiving any request for exclusion pursuant to the Notice, Co-Lead Counsel shall promptly, and in no event no later than five (5) calendar days after receiving a request for exclusion or fifteen (15) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it by email.

43.    In addition to all of the rights and remedies that Lead Plaintiffs have under the terms of this Stipulation, Lead Plaintiffs shall also have the right to terminate the Settlement, by providing written notice of the election to terminate to all other Parties, in the event that (a) the Settlement Amount has not been paid in the time period provided for in ¶6 above and (b) thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of the receipt by Novavax of Lead Plaintiffs' written notice of termination.

44.    If, before the Settlement becomes Final, any Defendant files for protection under the Bankruptcy Code or any similar law or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the releases given and

the Judgment or Alternative Judgment entered in favor of that Defendant and that Defendant and Lead Plaintiffs and the members of the Settlement Class shall be restored to their litigation positions as of November 30, 2023. All releases and the Judgment or Alternative Judgment as to other Defendants shall remain unaffected. Novavax warrants, as to the payments it makes as to itself and the payments made on Defendants' behalf, pursuant to this Stipulation, that, at the time of such payment, it will not be insolvent, nor will payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

45.    If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶40–44 above: (i) neither Defendants nor Lead Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole discretion of Defendants or Lead Plaintiffs, as applicable.

46.    With the exception of the provisions of this ¶¶46-48 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 30, 2023, and the Parties shall proceed in all respects as if this Stipulation and all related orders had not been entered. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action or any other action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise.

47.    In the event the Settlement is terminated, as provided herein, or fails to become effective, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Taxes paid or due, less reasonable Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned pursuant to Defendants' instructions within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Co-Lead Counsel. Co-Lead Counsel or their designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to those who funded the Settlement or as otherwise directed by Defendants.

## NO ADMISSION

48.    Except as set forth in ¶49 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages,

- 35 -

negligence, fault or wrongdoing of any of the Released Defendant Parties or any person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

        (b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

        (c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

        (d)    do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiffs, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

        (e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any other member of the

Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

49.    Notwithstanding ¶48 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment.  All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

50.    All of the exhibits to the Stipulation (except any plan of allocation to the extent incorporated in those exhibits), and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

51.    The Parties intend this Stipulation and the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Plaintiffs' Claims and Released Defendants' Claims.  Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis.  The Parties and their respective counsel agree that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application

for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel, including through a mediation process, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

52.     This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest) by counsel for the Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

53.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses and implementing and enforcing the terms of this Stipulation.

55.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or a waiver by any Party, of any other prior or subsequent breach of this Stipulation.

56.     This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no

representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

57.    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

58.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

59.    All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

60.    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

61.    This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment or Alternative Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

62.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

63.    The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement, shall be governed by the laws of the State of Delaware without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

64.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

65.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

66.    The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Co-Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

67.    If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶36 above, those disputes (after good faith attempts at resolution between the Parties) will be resolved by the Mediator first by way of expedited telephonic mediation and, if unsuccessful, then by final, binding, non-appealable resolution by the Mediator.

68.    Except as otherwise provided herein, each Party shall bear its own costs in connection with the Settlement and the Action.

69.    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, drafts, and proceedings in connection with negotiating the Stipulation confidential, unless disclosure is compelled by the Court or required under

applicable laws, rules, or regulations. Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly via ECF as part of any motion for preliminary approval of the Settlement.

70.    The Parties further understand and agree that Defendants deny all of the Settlement Class and Lead Plaintiffs' claims and material allegations asserted in this proceeding; and that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury.

71.    Except as otherwise provided herein and by the Court to Co-Lead Counsel from the Settlement Amount, each Party shall bear its own costs and legal fees.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 12, 2024.


**LABATON KELLER SUCHAROW LLP**

_____
Michael P. Canty
Michael H. Rogers
James T. Christie
David J. Schwartz
Philip J. Leggio
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile:  (212) 818-0477
mcanty@labaton.com
mrogers@labaton.com
jchristie@labaton.com
dschwartz@labaton.com
pleggio@labaton.com

*Counsel for Lead Plaintiff David Truong and*
*Co-Lead Counsel for the Proposed Settlement*
*Class*

**POMERANTZ LLP**

_____
Jeremy A. Lieberman
Brian Calandra
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665
jalieberman@pomlaw.com
bcalandra@pomlaw.com

*Counsel for Lead Plaintiff Jeffrey A. Gabbert*
*and Nuggehalli Balmukund Nandkumar and*
*Co-Lead Counsel for the Proposed Settlement*
*Class*

applicable laws, rules, or regulations. Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly via ECF as part of any motion for preliminary approval of the Settlement.

70.    The Parties further understand and agree that Defendants deny all of the Settlement Class and Lead Plaintiffs' claims and material allegations asserted in this proceeding; and that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury.

71.    Except as otherwise provided herein and by the Court to Co-Lead Counsel from the Settlement Amount, each Party shall bear its own costs and legal fees.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 12, 2024.

**LABATON KELLER SUCHAROW LLP**

_____

Michael P. Canty
Michael H. Rogers
James T. Christie
David J. Schwartz
Philip J. Leggio
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mcanty@labaton.com
mrogers@labaton.com
jchristie@labaton.com
dschwartz@labaton.com
pleggio@labaton.com

_Counsel for Lead Plaintiff David Truong and Co-Lead Counsel for the Proposed Settlement Class_

**POMERANTZ LLP**

_____

Jeremy A. Lieberman
Brian Calandra
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
bcalandra@pomlaw.com

_Counsel for Lead Plaintiff Jeffrey A. Gabbert and Nuggehalli Balmukund Nandkumar and Co-Lead Counsel for the Proposed Settlement Class_

ROPES & GRAY LLP

C. Thomas Brown
Peter L. Welsh
Prudential Tower
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
Thomas.Brown@ropesgray.com
Peter.Welsh@ropesgray.com

Charles D. Zagnoli
ROPES & GRAY LLP
191 North Wacker Drive
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5522
Charles.Zagnoli@ropesgray.com

Edward R. McNicholas
Bar No. 24833
Stefan P. Schropp
Bar No. 21699
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone: (202) 508-4600
Facsimile: (202) 508-4650
Edward.McNicholas@ropesgray.com
Stefan.Schropp@ropesgray.com

*Counsel for Defendants*

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| SOTHINATHAN SINNATHURAI,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                                      Plaintiff,<br><br>v.<br><br>NOVAVAX, INC., STANLEY C. ERCK,<br>GREGORY F. COVINO, JOHN J. TRIZZINO,<br>and GREGORY M. GLENN,<br><br>                                  Defendants. | Civil Action No. TDC-21-2910 |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION**
**SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING**
**DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

      **WHEREAS:**

      A.      On January 12, 2024, Court-appointed Lead Plaintiffs Jeffrey A. Gabbert, Nuggehalli Balmukund Nandkumar, and David Truong ("Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and Novavax, Inc. ("Novavax" or the "Company") and Stanley Erck, Gregory Covino, John Trizzino, and Gregory Glenn (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Consolidated

Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on March 11, 2022, on the merits and with prejudice (the "Settlement");

      B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

      C.      The Parties to the Stipulation have consented to the entry of this order; and

      D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2024 that:**

      1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

      2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons or entities who or which, during the period from May 11, 2021 through October 19, 2021, inclusive, purchased or otherwise acquired the publicly traded common stock of Novavax, Inc. and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Families of any Defendant who is an individual; (iii) any person who was an officer or director of Novavax during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) parents, affiliates, or subsidiaries of Novavax; (vi) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vii) the legal representatives, agents,

heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are those Persons who or which timely and validly seek exclusion from the Settlement Class in accordance with the requirements set forth below and in the Notice.

3.     The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedures have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)     the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)     there are questions of law and fact common to the Settlement Class Members;

(c)     the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

(d)     Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)     the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small

to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Jeffrey A. Gabbert, Nuggehalli Balmukund Nandkumar, and David Truong are preliminarily certified as Class Representatives for the Settlement Class.  The law firms of Labaton Keller Sucharow LLP and Pomerantz LLP are preliminarily appointed Class Counsel for the Settlement Class, and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel for the Settlement Class.

5.      A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, at the United States District Court, District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770 on _____, 2024, at __:____ _.m. [a date approximately 100 days from entry of this order] for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)      to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firms of Labaton Keller Sucharow

LLP and Pomerantz LLP should be finally appointed as Class Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

7.    The Court approves the form, substance and requirements of the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form"), the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses ("Summary Notice"), and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1 through 4, respectively, and finds they collectively: (a) constitute the best notice to

Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8.      The Court approves the retention of Strategic Claims Services as the Claims Administrator.  The Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Settlement Class Members who can be identified with reasonable effort.  Novavax, to the extent it has not already done so, shall use its best efforts to obtain and provide to Co-Lead Counsel, or the Claims Administrator, at no cost to Co-Lead Counsel, the Settlement Class, or the Claims Administrator, within seven (7) calendar days of entry of this Preliminary Approval Order, its transfer agent's lists of the names/addresses/emails of Novavax common stock purchasers of record during the Class Period, in electronic searchable form, such as Excel, to the extent reasonably available.  Co-Lead Counsel, through the Claims Administrator, shall substantially complete such mailing no later than sixty (60) calendar days after the Notice Date.

9.      The Claims Administrator shall use reasonable efforts to provide notice of the Settlement to nominees such as custodians, brokerage firms and other persons and entities that purchased Novavax publicly traded common stock during the Class Period as record owners but

not as beneficial owners. Such nominees SHALL EITHER: (a) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard promptly to such identified beneficial owners; or (b) WITHIN TEN (10) CALENDAR DAYS of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action. Nominees are not authorized to print the notices for dissemination. Notices may only be printed for dissemination by the Claims Administrator. Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with this order shall be paid from the Settlement Fund, and any disputes regarding reimbursement of such expenses shall be subject to review by the Court.

10.    Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Postcard Notice.

11.    The Court approves the form of the Summary Notice and directs that Co-Lead Counsel shall cause the Summary Notice to be published in *The Wall Street Journal* and be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Co-Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

12.    The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.    In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)    A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address stated, postmarked no later than five (5) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Co-Lead Counsel in their discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall

be deemed to have been submitted when it was actually received at the address designated in the Claim Form.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Co-Lead Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 15 of this order.

(b)    The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Co-Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

(c)    As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

14.     Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Co-Lead Counsel.

15.     Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing.   Such request for exclusion must state the name, address, telephone number, and email address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *Sinnathurai v. Novavax, Inc., et al.,* 8:21-cv-02910-TDC (D. Md.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s), price(s), and number(s) of shares for each purchase and sale (if any) of Novavax, Inc. publicly traded common stock during the Class Period. Requests must be submitted with documentary proof of purchases during the Class Period that demonstrates the requester's status as a beneficial owner of the shares. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

16.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund.

17.    Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's application for attorneys' fees and expenses.  Any objections must state (a) the name, address, telephone number, and email address of the objector and must be signed by the objector; (b) that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in "*Sinnathurai v. Novavax, Inc., et al.,* 8:21-cv-02910-TDC (D. Md.);" (c) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the date(s), price(s), and number(s) of shares of Novavax Inc. publicly traded common stock purchased and sold (if any) during the Class Period.  Objectors who are represented by counsel must also provide the name, address and telephone number of all counsel, if any, who represent them, including their former or current counsel who may be entitled to compensation in connection with the objection; the number of times the objector and their counsel have filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

18.    The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Co-Lead Counsel: Michael H. Rogers, Labaton

Keller Sucharow LLP, 140 Broadway, New York, NY 10005, Jeremey A. Lieberman, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016; and Defendants' Counsel: C. Thomas Brown, Ropes & Gray LLP, Prudential Tower, 800 Boylston Street, Boston, MA 02199, and has filed, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the District of Maryland, United States Courthouse, 6500 Cherrywood Lane, Greenbelt, MD 20700.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.  Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to state in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

19.     Settlement Class Members do not need to appear at the hearing or take any other action to state their approval.

20.     Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending final determination of whether the Settlement should be approved, Lead

Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

21.    As provided in the Stipulation, Co-Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund.

22.    All papers in support of the Settlement, Plan of Allocation, and Co-Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before forty-two (42) calendar days prior to the date set herein for the Settlement Hearing.  If reply papers are necessary, they are to be filed with the Court and served no later than fourteen (14) calendar days prior to the Settlement Hearing.

23.    No person who is not a Settlement Class Member or Co-Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

25.    Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Co-Lead Counsel or Lead Plaintiffs.

26.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no

further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of November 30, 2023.

27.    Neither this Order, the Term Sheet, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Lead Plaintiffs,  or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Released Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Released Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; and (d) shall be construed against the Released Plaintiff Parties that any of

their claims are without merit, that any of Released Defendant Parties had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

28.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this _____ day of _____, 2024

_____
HONORABLE THEODORE D. CHUANG
UNITED STATES DISTRICT JUDGE

# Exhibit A-1

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| SOTHINATHAN SINNATHURAI, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. TDC-21-2910 |
| Plaintiff, | |
| v. | |
| NOVAVAX, INC., STANLEY C. ERCK, GREGORY F. COVINO, JOHN J. TRIZZINO, and GREGORY M. GLENN, | |
| Defendants. | |

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

If you purchased or otherwise acquired the publicly traded common stock of Novavax, Inc. ("Novavax" or the "Company") during the period from May 11, 2021 through October 19, 2021, inclusive, (the "Class Period") and were damaged thereby, you may be entitled to a payment from a class action settlement.

### *A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action, wish to object, or wish to be excluded from the Settlement Class.[1]

- If approved by the Court, the proposed Settlement will create a $47,000,000 fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved attorneys' fees, expenses, and Taxes.  This is an average recovery of approximately $1.24 per allegedly damaged share before deductions for awarded attorneys' fees and Litigation Expenses, and $0.80 per allegedly damaged share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Court-appointed Lead Plaintiffs Jeffrey A. Gabbert, Nuggehalli Balmukund Nandkumar, and David Truong ("Lead Plaintiffs" or "Plaintiffs") that have been asserted on behalf of the Settlement Class (defined below) against Novavax, and Stanley Erck, Gregory Covino, John Trizzino, and Gregory Glenn (collectively, the

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated January __, 2024 (the "Stipulation"), which can be viewed at www.strategicclaims.net/novavax/.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

"Individual Defendants" and, with Novavax, "Defendants").  The Settlement avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

**If you are a Settlement Class Member, the Settlement will affect your legal rights whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2024** | The <u>only</u> way to get a payment.  *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE CLASS BY _____, 2024** | Get no payment.  This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiffs' Claims.  *See* Question 10 for details. |
| **OBJECT BY _____, 2024** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Co-Lead Counsel's Fee and Expense Application.  If you object, you will still be in the Settlement Class.  *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2024 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2024** | Ask to speak in Court at the Settlement Hearing about the fairness of the Settlement and other requested relief.  *See* Questions 16 and 18 for details. |
| **DO NOTHING** | Get no payment.  Give up all legal rights relating to the claims at issue.  Still be bound by the terms of the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement.  Payments will be made to all eligible Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

PSLRA Summary of the Notice                                        Page __
Why did I get the Postcard Notice?                                 Page __
How do I know if I am part of the Settlement Class?                Page __
Are there exceptions to being included?                            Page __
Why is this a class action?                                        Page __
What is this case about and what has happened so far?              Page __
What are the reasons for the Settlement?                           Page __
What does the Settlement provide?                                  Page __

How can I receive a payment?                                                   Page __
What am I giving up to receive a payment and by staying in the
   Settlement Class?                                                           Page __
How do I exclude myself from the Settlement Class?                             Page __
If I do not exclude myself, can I sue Defendants and the other
   Released Defendant Parties for the same reasons later?                      Page __
Do I have a lawyer in this case?                                               Page __
How will the lawyers be paid?                                                  Page __
How do I tell the Court that I do not like something about the
   proposed Settlement?                                                        Page __
What is the difference between objecting and seeking exclusion?                Page __
When and where will the Court decide whether to approve the
   Settlement?                                                                 Page __
Do I have to come to the Settlement Hearing?                                   Page __
May I speak at the Settlement Hearing?                                         Page __
What happens if I do nothing at all?                                           Page __
Are there more details about the Settlement?                                   Page __
How will my claim be calculated?                                              Page __
Special notice to securities brokers and nominees.                            Page __

## PSLRA SUMMARY OF THE NOTICE

**Statement of the Settlement Class's Recovery**

1.     Lead Plaintiffs have entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve the Action in its entirety.  Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $47,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Lead Plaintiffs' consulting damages expert's estimate of the number of shares of Novavax publicly traded common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and

Administration Expenses, would be approximately $1.24 per allegedly damaged share.[2]  If the Court approves Co-Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.80 per allegedly damaged share.  **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.**  A Settlement Class Member's actual recovery will depend on, for example: (i) the number and value of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Novavax publicly traded common stock the Settlement Class Member purchased during the Class Period; and (iv) whether and when the Settlement Class Member sold Novavax publicly traded common stock.  *See* the Plan of Allocation beginning on page [___] for information about the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiffs were to prevail on each claim. The issues that the Parties disagree about include, for example: (i) whether Defendants made any statements or omissions that were materially false or misleading, or were otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent; (iii) the amount by which the price of Novavax publicly traded common stock was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors unrelated to the alleged fraud, such as general market, economic, and industry conditions, influenced the trading prices of Novavax publicly traded common stock during the Class Period.

---

[2]      An allegedly damaged share might have been traded, and potentially damaged, more than once during the Class Period, and the average recovery indicated above represents the estimated average recovery for each share that allegedly incurred damages.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Co-Lead Counsel, on behalf of Plaintiffs' Counsel,[3] will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed 33.4% of the Settlement Fund, which includes any accrued interest, or $15,698,000, plus accrued interest.  Co-Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $1,000,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class (which will not exceed $30,000 for each Lead Plaintiff).  If the Court approves Co-Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.44 per allegedly damaged share of Novavax publicly traded common stock.  A copy of the Fee and Expense Application will be posted on www. _____ after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to, among other factors, the uncertainty of being able to prove the allegations in the Complaint and certify a litigation class; the difficulties and delays inherent in completing discovery and litigation like this; the risk that the

---

[3] "Plaintiffs' Counsel" are Pomerantz LLP, Labaton Keller Sucharow LLP, Cohen Milstein Sellers & Toll PLLC, Portnoy Law Firm, Hagens Berman Sobol Shapiro LLP, and Johnson Fistel, LLP.

Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; and the difficulties and risks in enforcing a judgment against Defendants after trial.

6.    For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

7.    Lead Plaintiffs and the Settlement Class are represented by Co-Lead Counsel, Michael H. Rogers, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com; and Jeremy A. Lieberman, Pomerantz LLP, 600 Third Avenue, 20th Floor, New York, NY 10016, (212) 661-1100, www.pomerantz.com, jalieberman@pomlaw.com.

8.    Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *Novavax, Inc. Securities Settlement*, c/o Strategic Claims Services, P.O. Box 230, Media, PA 19063, (866) 274-4004, www.strategicclaims.net/novavax/.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| **1.  Why did I get the Postcard Notice?** |
| --- |

9.    You may have received a Postcard Notice about the proposed Settlement.  This long-form Notice provides additional information about the Settlement and related procedures. The Court authorized that the Postcard Notice be sent to you because you or someone in your family may have purchased or otherwise acquired Novavax publicly traded common stock during the period from May 11, 2021 through October 19, 2021, inclusive (the "Class Period").  **Receipt**

**of the Postcard Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties to the Action do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is available at www.strategicclaims.net/Novavax/** *See* **Question 8 below.**

10.     The Court directed that the Postcard Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.     The Court in charge of the Action is the United States District Court for the District of Maryland, and the case is known as *Sinnathurai v. Novavax, Inc., et al.*, Case No. 8:21-cv-02910-TDC.  The Action is assigned to the Honorable Theodore D. Chuang, United States District Judge.

| **2.  How do I know if I am part of the Settlement Class?** |
|---|

12.     The Court directed that everyone who fits the following description is a Settlement Class Member and subject to the Settlement unless they are an excluded person (*see* Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

**All persons or entities who or which, during the period from May 11, 2021 through October 19, 2021, inclusive, purchased or otherwise acquired the publicly traded common stock of Novavax, Inc. and were damaged thereby.**

13.     If one of your mutual funds purchased Novavax publicly traded common stock during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased Novavax publicly traded common stock during the Class Period.  Check your investment records or contact

your broker to see if you have any eligible purchases or acquisitions.  **The Parties to the Action do not independently have access to your trading information.**

| 3.  Are there exceptions to being included? |
| --- |

14.     Yes.   There  are  some  individuals  and  entities  who  are  excluded  from  the Settlement Class by definition.   Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Families of any Defendant who is an individual; (iii) any person who was an officer or director of Novavax during the Class Period; (iv) any firm or entity in which any Defendant has or had a controlling interest; (v) parents, affiliates, or subsidiaries of Novavax; and (vi) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s). Also excluded from the Settlement Class is anyone who timely and validly seeks exclusion from the Settlement Class in accordance with the procedures described in Question 10 below.

| 4.  Why is this a class action? |
| --- |

15.     In a class action, one or more persons or entities (in this case, Lead Plaintiffs) sue on behalf of people and entities who have similar claims.  Together, these people and entities are a "class," and each is a "class member."  A class action allows one court to resolve, in a single case, many similar claims that, if brought separately by individual people, might be too small economically to litigate.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court has appointed Jeffrey A. Gabbert, Nuggehalli Balmukund Nandkumar, and David Truong to serve as Lead Plaintiffs and Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) and Pomerantz LLP to serve as Co-Lead Counsel.

| 5.  What is this case about and what has happened so far? |
| --- |

16.    Novavax is a pharmaceutical drug company that developed a vaccine against COVID-19, a process Novavax began in the early stages of the COVID-19 pandemic.  On March 11, 2022, Lead Plaintiffs filed the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint," ECF No. 56) asserting claims against Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Defendants made materially false and misleading statements and omissions with respect to the production and development of Novavax's COVID-19 vaccine candidate.  The Complaint further alleged that the price of Novavax common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions and declined when the truth was allegedly revealed through a series of partial corrective disclosures.

17.    On April 25, 2022, Defendants filed a motion to dismiss the Complaint, which Lead Plaintiffs opposed.  On December 12, 2022, the Court entered a Memorandum Opinion denying in part and granting in part Defendants' motion to dismiss the Complaint, which eliminated some of the Complaint's alleged misstatements, dismissed the claims against some individual Defendants, and shortened the class period (the "MTD Opinion").

18.    On December 27, 2022, Defendants filed their Answer to the Complaint and discovery commenced.

19.    Prior to the start of formal discovery in the Action, Lead Plaintiffs, through Co-Lead Counsel, had conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing: (i) documents filed publicly by the Company with the U.S. Securities

and Exchange Commission ("SEC"); (ii) publicly available information, including press releases, news articles, and other public statements issued by or concerning the Company and the Defendants; (iii) research reports issued by financial analysts concerning the Company; (iv) other publicly available information and data concerning the Company; and (v) the applicable law governing the claims and potential defenses.

20.    Lead Plaintiffs also submitted requests to the U.S. Food and Drug Administration ("FDA") and the SEC pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and to the U.S. Government Accountability Office ("GAO") pursuant to the Code of Federal Regulations, Public Availability of Government Accountability Office Records, 4 C.F.R. §81.

21.    On March 16, 2023, Lead Plaintiffs filed their motion for class certification and appointment of class representatives and class counsel, which Defendants opposed.

22.    In connection with formal discovery, Defendants produced approximately 57,676 documents (about 311,690 pages) to Lead Plaintiffs, and Lead Plaintiffs produced approximately 88 documents (about 2,330 pages) to Defendants.  In total, approximately 58,000 documents were produced by the Parties and third parties in formal discovery.

23.    In connection with Lead Plaintiffs' March 16, 2023 class certification motion, Defendants deposed each of the Lead Plaintiffs, as well as Lead Plaintiffs' market efficiency and price impact expert, Chad Coffman of Peregrine Economics (formerly part of Global Economics Group LLC).  In addition, Lead Plaintiffs deposed Defendants' own expert on market efficiency and price impact, Prof. S.P. Kothari, Professor of Accounting and Finance at MIT's Sloan School of Management.

24.    The Parties began exploring the possibility of a settlement in June 2023. Specifically, the Parties agreed to engage in mediation and subsequently retained Gregory P. Lindstrom of Phillips ADR Services to act as mediator in the case (the "Mediator").  On June 27,

2023, Co-Lead Counsel and Defendants' Counsel, among others, participated in a full-day, in-person mediation session before the Mediator. In advance of that session, the Parties submitted detailed mediation statements to the Mediator, together with numerous supporting exhibits, which addressed both liability and damages issues. The session ended without any agreement being reached. The Parties continued discussions with the Mediator following the mediation to further explore the possibility of a settlement.

25.     The Parties participated in a second in-person mediation session before the Mediator on November 30, 2023. In advance of this session, Co-Lead Counsel submitted a supplemental mediation statement for the Mediator's eyes only, and further exhibits. At the conclusion of that mediation session, the Parties reached an agreement in principle to settle the Action, which was memorialized in a term sheet finalized on November 30, 2023, subject to the execution of a customary "long form" stipulation and agreement of settlement and related papers.

26.     The Stipulation was executed on January ___, 2024.

**6.  What are the reasons for the Settlement?**

27.     The Court did not finally decide in favor of Lead Plaintiffs or Defendants. Instead, both sides agreed to a settlement. Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability. Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiffs and the class. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

28.     Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiffs in the Action, including all claims in the Complaint, and specifically deny any wrongdoing and that they have committed any act or omission giving rise to any liability or violation of law. Defendants deny the allegations that they knowingly or recklessly, or otherwise, made any material misstatements or omissions; that any Member of the Settlement Class has suffered damages; that the prices of Novavax's publicly traded common stock were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; that Members of the Settlement Class were harmed by the conduct alleged; or that the Action may properly proceed as a class action. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action.

## THE SETTLEMENT BENEFITS

| 7.  What does the Settlement provide? |
| --- |

29.     In exchange for the Settlement and the release of the Released Plaintiffs' Claims against the Released Defendant Parties (*see* Question 9 below), Defendants have agreed to cause a $47,000,000 payment to be made, which, along with any interest earned, will be distributed, after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

| 8.  How can I receive a payment? |
| --- |

30.     To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form may be obtained from the Claims Administrator's website: www.strategicclaims.net/novavax/,    or    you    can    submit    a    claim    online    at

www.strategicclaims.net/novavax/.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (866)-274-4004.

31.    Please read the instructions contained in the Claim Form carefully, fill out the form, include all the documents the form requests, sign it, and mail or submit it online to the Claims Administrator so that it is **postmarked or received no later than _____,**
**2024.**

---

| **9.  What am I giving up to receive a payment and by staying in the Settlement Class?** |
| --- |

32.    If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the Effective Date of the Settlement, you will release all Released Plaintiffs' Claims against the Released Defendant Parties.  All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

(a)    **"Released Plaintiffs' Claims"** means any and all claims and causes of action of every nature and description, whether known or Unknown, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, both (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action and (2) the purchase or acquisition of Novavax publicly traded common stock during the Class Period.  Released Plaintiffs' Claims shall not include: (i) claims to enforce the Settlement and (ii) claims brought in the following actions: *Meyer v. Erck, et al.*, No. 8:21-cv-02996-TDC (D. Md.) (filed November 22, 2021) (the "Meyer Action"); *Yung v. Erck, et al.*, No. 8:21-cv-03248-TDC (D. Md.) (filed December 21, 2021) (the

- 13 -

"Yung Action"); *Kirst, et al. v. Erck, et al.*, No. C-15-CV-21-000618 (Md. Cir. Ct.) (filed December 28, 2021) (the "Kirst Action"); *Snyder v. Erck, et al.*, No. 8:22-cv-01415-TDC (D. Md.) (filed June 10, 2022) (the "Snyder Action"); *Blackburn, et al. v. Erck, et al.*, No. 1:22-cv-01417-TDC (D. Md.) (filed June 10, 2022) (the "Blackburn Action"); *Mesa v. Erck, et al.*, No. 2022-0770-NAC (Del. Ch.) (filed August 30, 2022) (the "Mesa Action"); *Acosta v. Erck, et al.*, No. 2022-1133-NAC (Del. Ch.) (filed December 7, 2022) (the "Acosta Action"); *Needelman v. Erck, et al.*, No. C-15-CV-23-001550 (Md. Cir. Ct.) (filed May 23, 2023) (the "Needelman Action").

(b)    **"Released Defendant Parties"** means Defendants and each of their respective former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them, in their capacities as such; and the predecessors, successors, assigns, estates, Immediate Family, heirs, executors, trusts, trustees, administrators, agents, legal representatives, and assignees of each of them, in their capacities as such, as well as any trust of which any Released Defendant Party is the settlor or which is for the benefit of any of their Immediate Family members.

(c)    **"Unknown Claims"** means any and all Released Plaintiffs' Claims that Lead Plaintiffs or any other Settlement Class Member do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to

object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Plaintiffs' Claims or the Released Defendants' Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have settled and released, fully, finally, and forever, any and all Released Plaintiffs' Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims"

in the definition of Released Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

(d)    The "**Effective Date**" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.

33.    Upon the Effective Date, Defendants will also provide a release of any claims against Lead Plaintiffs, the Settlement Class, and Plaintiffs' Counsel arising out of or related to the institution, prosecution, or settlement of the claims in the Action, except for claims relating to the enforcement of the Settlement or any claims against any person who submits a request for exclusion that is accepted by the Court.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

34.    If you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own concerning the Released Plaintiffs' Claims, then you must take steps to remove yourself from the Settlement Class.  This is called excluding yourself or "opting out."  **Please note: If you decide to exclude yourself from the Settlement Class, there is a risk that any lawsuit you may file to pursue claims alleged in the Action may be dismissed, including because the suit is not filed within the applicable time periods required for filing suit.**  Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

| **10. How do I exclude myself from the Settlement Class?** |
| --- |

35.    To exclude yourself from the Settlement Class, you must mail a signed letter stating that you request to be "excluded from the Settlement Class in *Sinnathurai v. Novavax, Inc., et al.*, 8:21-cv-02910-TDC (D. Md.)." You cannot exclude yourself by telephone or email.  Each request for exclusion must also: (i) state the name, address, telephone number, and email address (if any) of the Person seeking exclusion; (ii) the date(s), price(s), and number(s) of shares for each

purchase/acquisition and sale (if any) of Novavax, Inc. publicly traded common stock by the Person seeking exclusion during the Class Period; and (iii) be signed by the Person requesting exclusion.  Requests must be submitted with documentary proof of purchases during the Class Period that demonstrates the requester's status as a beneficial owner of the shares.  A request for exclusion must be mailed so that it is **received no later than _____, 2024** at:

*Novavax, Inc. Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
Media, PA 19063

36.    This information is needed to determine whether you are a member of the Settlement Class.  Your exclusion request must comply with these requirements in order to be valid.

37.    If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund.  Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you.  If you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties in the future.

---

**11.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later?**

---

38.    No.  Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**.  You must exclude yourself from this Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2024.**

**THE LAWYERS REPRESENTING YOU**

| 12. Do I have a lawyer in this case? |
| --- |

39.      Labaton Keller Sucharow LLP and Pomerantz LLP are Co-Lead Counsel in the Action and represent all Settlement Class Members.  You will not be separately charged for these lawyers.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13. How will the lawyers be paid? |
| --- |

40.      Co-Lead Counsel, together with the other Plaintiffs' Counsel, have been prosecuting the Action on a contingent basis and have not been paid for any of their work.  Co-Lead Counsel, on behalf of themselves and the other Plaintiffs' Counsel, will seek an attorneys' fee award of no more than 33.4% of the Settlement Fund, which will include accrued interest.  Co-Lead Counsel has agreed to share the awarded attorneys' fees with other Plaintiffs' Counsel. Co-Lead Counsel will also seek payment of Litigation Expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $1,000,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiffs directly related to their representation of the Settlement Class (of no more than $30,000 each).  As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION**

| 14. How do I tell the Court that I do not like something about the proposed Settlement? |
| --- |

41.      If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Co-Lead Counsel's

Fee and Expense Application.  You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief.  If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

42.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in *"Sinnathurai v. Novavax, Inc., et al.*, 8:21-cv-02910-TDC (D. Md.)."  The objection must also state: (i) the name, address, telephone number, and email address of the objector and must be signed by the objector; (ii) the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (iii) include documents sufficient to show the objector's membership in the Settlement Class, including the number of shares of Novavax publicly traded common stock purchased during the Class Period by the objector, as well as the dates and prices of each such purchase/acquisition and sale (if any).  Objectors who are represented by counsel must also provide the name, address, and telephone number of all counsel, if any, who represent them, including their former or current counsel who may be entitled to compensation in connection with the objection; the number of times the objector and their counsel have filed an objection to a class action settlement in the last five years; the nature of each such objection in each such case; and the name and docket number of each such case.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be unable to make any objection to the proposed Settlement, the Plan of Allocation, and/or Co-Lead Counsel's Fee and Expense Application.

43.    Your objection must be filed with the Court **no later than _____,**

**2024 and** be mailed or delivered to the following counsel so that it is **received no later than**

**_____, 2024:**

| **Court** | **Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| **Clerk of the Court**<br>United States District Court<br>District of Maryland<br>6500 Cherrywood Lane<br>Greenbelt, MD 20700 | **Labaton Keller Sucharow LLP**<br>Michael H. Rogers, Esq.<br>140 Broadway<br>New York, NY 10005 | **Ropes & Gray LLP**<br>C. Thomas Brown, Esq.<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA 02199 |
| | **Pomerantz LLP**<br>Jeremey A. Lieberman, Esq.<br>600 Third Avenue<br>20th Floor<br>New York, NY 10016 | |

44.    You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

---

**15.  What is the difference between objecting and seeking exclusion?**

---

45.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Co-Lead Counsel's Fee and Expense Application.  You can still recover money from the Settlement.  You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

## THE SETTLEMENT HEARING

| **16.  When and where will the Court decide whether to approve the Settlement?** |
|---|

46.      The Court will hold the Settlement Hearing on **_____, 2024 at _____ _.m.**, either remotely or in person, at the United States Courthouse, United States District Court, District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770.

47.      At this hearing, the Honorable Theodore D. Chuang will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Co-Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

48.      The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Co-Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Claims Administrator's website at www.strategicclaims.net/novavax/ to see if the Settlement Hearing has stayed as scheduled or has changed.

| **17.  Do I have to come to the Settlement Hearing?** |
|---|

49.      No.  Co-Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2024**.

| **18.  May I speak at the Settlement Hearing?** |
|---|

50.     You may ask the Court for permission to speak at the Settlement Hearing.  To do so, you must, **no later than _____ __, 2024,** submit a statement that you, or your attorney, intend to appear in *"Sinnathurai v. Novavax, Inc., et al*., 8:21-cv-02910-TDC (D. Md.)."* If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing.  You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and in Question 14 above.

## IF YOU DO NOTHING

| **19.  What happens if I do nothing at all?** |
|---|

51.     If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).  To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiffs' Claims, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

| **20.  Are there more details about the Settlement?** |
|---|

52.     This Notice summarizes the proposed Settlement.  More details are contained in the Stipulation.  You may review the Stipulation filed with the Court or other documents in the

case during business hours at the Office of the Clerk of the United States District Court, District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770. (Please check the Court's website, www.mdd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

53.    You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement, by visiting the Claims Administrator's website, www.strategicclaims.net/novavax/. You may also call the Claims Administrator toll free at (866) 274-4004 or write to the Claims Administrator at *Novavax, Inc. Securities Settlement,* c/o Strategic Claims Services, P.O. Box 230, Media, PA 19063. **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

### 21. How will my claim be calculated?

54.    The Plan of Allocation set forth below is the plan for calculating claims and distributing the proceeds of the Settlement that is being proposed by Lead Plaintiffs and Co-Lead Counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional individual notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Claims Administrator's website at www.strategicclaims.net/novavax/.

55.    As noted above, the Settlement Amount and the interest it earns is the Settlement Fund. The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the Net Settlement Fund. The Net Settlement Fund will be distributed to members of the Settlement Class who timely submit valid Claim Forms that show a "Recognized Claim"

according to the proposed Plan of Allocation (or any other plan of allocation approved by the Court) ("Authorized Claimants"). Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will still be bound by the Settlement. Claimants bear the burden of establishing their eligibility to recover from the Net Settlement Fund.

56.    The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among claimants who allegedly suffered economic losses as a result of the alleged wrongdoing. To design this Plan, Co-Lead Counsel conferred with Lead Plaintiffs' consulting damages expert. This Plan is intended to be generally consistent with an assessment of, among other things, the damages that Lead Plaintiffs and Co-Lead Counsel believe were recoverable in the Action. The Plan of Allocation, however, is not a formal damages analysis and the calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. The calculations pursuant to the Plan of Allocation are also not estimates of the amounts that will be paid to Authorized Claimants. An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the claimant purchased Novavax publicly traded common stock; and (iii) whether and when the claimant sold his, her, or its shares of Novavax publicly traded common stock. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

57.    For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Lead Plaintiffs allege that Defendants issued materially false

- 24 -

statements and omitted material facts during the Class Period, which allegedly artificially inflated the price of Novavax publicly traded common stock. It is alleged that corrective information released to the market after market close on August 5, 2021 and after market close on October 19, 2021 impacted the market price of Novavax common stock in a statistically significant manner and removed the alleged artificial inflation from the share price on August 6, 2021 and October 20, 2021. Accordingly, in order to have a compensable loss in this Settlement, the shares of Novavax common stock must have been purchased/acquired during the Class Period and held through at least one of the alleged corrective disclosure dates listed above.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

58.    For purposes of determining whether a claimant has a "Recognized Claim," if a Settlement Class Member has more than one purchase/acquisition or sale of Novavax publicly traded common stock during the Class Period, all purchases/acquisitions and sales will be matched on a "First In/First Out" (FIFO) basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

59.    A "Recognized Loss Amount" will be calculated as set forth below for each purchase/acquisition of Novavax common stock during the Class Period from May 11, 2021 through October 19, 2021, inclusive, that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

60.    For each share of Novavax publicly traded common stock purchased/acquired during the Class Period and sold before the close of trading on January 14, 2022, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the

extent that the calculation of the Out of Pocket Loss results in a negative number, that number shall be set to zero.

61.    **For each share of Novavax common stock purchased or otherwise acquired from May 11, 2021 through and including October 19, 2021, and:**

A.  Sold before August 6, 2021, the Recognized Loss Amount for each such share shall be zero.

B.  Sold during the period from August 6, 2021 through October 19, 2021, the Recognized Loss Amount for each such share shall be ***the lesser of***:

1.  the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

2.  the Out of Pocket Loss.

C.  Sold during the period from October 20, 2021 through January 14, 2022, the Recognized Loss Amount for each such share shall be ***the least of***:

1.  the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

2.  the actual purchase/acquisition price of each such share *minus* the average closing price from October 20, 2021, up to the date of sale as set forth in **Table 2** below; or

3.  the Out of Pocket Loss.

D.  Held as of the close of trading on January 14, 2022, the Recognized Loss Amount for each such share shall be ***the lesser of***:

1.  the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

2.  the actual purchase/acquisition price of each such share *minus* $165.45.[4]

---

[4] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Novavax common stock during

## TABLE 1

**Novavax Common Stock Alleged Artificial Inflation
for Purposes of Calculating Purchase and Sale Inflation**

| Transaction Date | Artificial Inflation Per Share |
|---|---|
| May 11, 2021 – August 5, 2021 | $59.79 |
| August 6, 2021 – October 19, 2021 | $23.20 |

## TABLE 2

**Novavax Common Stock Closing Price and Average Closing Price
October 20, 2021 – January 14, 2022**

| Date | Closing Price | Average Closing Price Between October 20, 2021 and Date Shown | Date | Closing Price | Average Closing Price Between October 20, 2021 and Date Shown |
|---|---|---|---|---|---|
| 10/20/2021 | $136.86 | $136.86 | 12/3/2021 | $160.48 | $172.61 |
| 10/21/2021 | $138.79 | $137.83 | 12/6/2021 | $141.86 | $171.68 |
| 10/22/2021 | $134.56 | $136.74 | 12/7/2021 | $182.85 | $172.01 |
| 10/25/2021 | $135.35 | $136.39 | 12/8/2021 | $181.75 | $172.29 |
| 10/26/2021 | $134.99 | $136.11 | 12/9/2021 | $177.38 | $172.43 |
| 10/27/2021 | $141.55 | $137.02 | 12/10/2021 | $166.56 | $172.27 |
| 10/28/2021 | $150.62 | $138.96 | 12/13/2021 | $169.06 | $172.19 |
| 10/29/2021 | $148.83 | $140.19 | 12/14/2021 | $168.43 | $172.09 |
| 11/1/2021 | $172.45 | $143.78 | 12/15/2021 | $179.49 | $172.28 |
| 11/2/2021 | $195.30 | $148.93 | 12/16/2021 | $194.92 | $172.83 |
| 11/3/2021 | $195.20 | $153.14 | 12/17/2021 | $217.32 | $173.89 |
| 11/4/2021 | $179.41 | $155.33 | 12/20/2021 | $201.95 | $174.54 |
| 11/5/2021 | $159.19 | $155.62 | 12/21/2021 | $191.07 | $174.92 |
| 11/8/2021 | $173.02 | $156.87 | 12/22/2021 | $183.30 | $175.10 |
| 11/9/2021 | $169.30 | $157.69 | 12/23/2021 | $177.25 | $175.15 |
| 11/10/2021 | $164.19 | $158.10 | 12/27/2021 | $157.80 | $174.78 |
| 11/11/2021 | $169.38 | $158.76 | 12/28/2021 | $155.84 | $174.38 |
| 11/12/2021 | $169.89 | $159.38 | 12/29/2021 | $153.25 | $173.95 |
| 11/15/2021 | $172.45 | $160.07 | 12/30/2021 | $154.83 | $173.57 |

the "90-day look-back period," October 20, 2021 through January 14, 2022. The mean (average) closing price for Novavax common stock during this 90-day look-back period was $165.45.

| Date | Closing Price | Average Closing Price Between October 20, 2021 and Date Shown | | Date | Closing Price | Average Closing Price Between October 20, 2021 and Date Shown |
|---|---|---|---|---|---|---|
| 11/16/2021 | $170.49 | $160.59 | | 12/31/2021 | $143.07 | $172.97 |
| 11/17/2021 | $183.99 | $161.71 | | 1/3/2022 | $142.90 | $172.39 |
| 11/18/2021 | $191.05 | $163.04 | | 1/4/2022 | $138.45 | $171.75 |
| 11/19/2021 | $192.34 | $164.31 | | 1/5/2022 | $122.41 | $170.84 |
| 11/22/2021 | $207.99 | $166.13 | | 1/6/2022 | $121.50 | $169.94 |
| 11/23/2021 | $200.71 | $167.52 | | 1/7/2022 | $126.70 | $169.17 |
| 11/24/2021 | $200.07 | $168.77 | | 1/10/2022 | $134.99 | $168.57 |
| 11/26/2021 | $217.97 | $170.59 | | 1/11/2022 | $130.68 | $167.92 |
| 11/29/2021 | $193.96 | $171.43 | | 1/12/2022 | $130.17 | $167.28 |
| 11/30/2021 | $208.63 | $172.71 | | 1/13/2022 | $112.38 | $166.36 |
| 12/1/2021 | $192.65 | $173.37 | | 1/14/2022 | $110.82 | $165.45 |
| 12/2/2021 | $161.97 | $173.00 | | | | |

## ADDITIONAL PROVISIONS OF THE PLAN OF ALLOCATION

62.    The sum of a claimant's Recognized Loss Amounts will be the claimant's "Recognized Claim."

63.    If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

64.    Purchases or acquisitions and sales of Novavax publicly traded common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or

"payment" or "sale" date. The receipt or grant of shares of Novavax publicly traded common stock by gift, inheritance, or operation of law during the Class Period will not be deemed an eligible purchase or acquisition of these shares of Novavax publicly traded common stock for the calculation of a claimant's Recognized Claim, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such Novavax publicly traded common stock unless (i) the donor or decedent purchased such shares of Novavax publicly traded common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Novavax publicly traded common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

65. In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

66. If a claimant has an opening short position in Novavax publicly traded common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions will be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. If a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition will be matched against such short position on a FIFO basis and will not be entitled to a recovery.

67. Novavax publicly traded common stock is the only security eligible for recovery under the Plan of Allocation. With respect to Novavax publicly traded common stock acquired or sold through the exercise of an option, the acquisition/sale date of the Novavax publicly traded

common stock is the exercise date of the option and the acquisition/sale price is the exercise price of the option.

68.    The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

69.    Distributions will be made to eligible Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance, in an equitable and economic fashion, among Authorized Claimants who have cashed their checks.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to Consumer Federation of America, or such other private, non-profit, non-sectarian 501(c)(3) organization designated by Lead Plaintiffs and approved by the Court.

70.    Payment pursuant to the Plan of Allocation or such other plan of allocation as may be approved by the Court will be conclusive against all claimants.  No person will have any claim against Lead Plaintiffs, Plaintiffs' Counsel, their consulting damages expert, the Claims Administrator, or other agent designated by Co-Lead Counsel, arising from determinations or distributions to claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Lead Plaintiffs, Defendants,

Defendants' Counsel, and all other Released Parties will have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

71.    Each claimant is deemed to have submitted to the jurisdiction of the United States District Court for the District of Maryland with respect to his, her, or its claim.

## **SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

72.    If you purchased or otherwise acquired Novavax publicly traded common stock (CUSIP: 670002401) during the Class Period for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF THE POSTCARD NOTICE**, **YOU MUST EITHER**: (a) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners; or (b) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and **WITHIN TEN (10) CALENDAR DAYS** of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners. Nominees shall also provide email addresses for all such beneficial owners to the Claims Administrator, to the extent they are available. Nominees who elect to send the Postcard Notice to their beneficial owners SHALL ALSO send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.  Nominees are not authorized to print the notices for dissemination.  Notices may only be printed for dissemination by the Claims Administrator.

73.     Upon FULL AND TIMELY compliance with these directions, such nominees may seek reimbursement of their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners of up to: $0.03 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for notices mailed by nominees; or $0.03 per mailing record provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the above shall be paid from the Settlement Fund, and any unresolved disputes regarding reimbursement of such expenses shall be subject to review by the Court. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Novavax, Inc. Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
Media, PA 19063
(866) 274-4004
www.strategicclaims.net/novavax/
info@strategicclaims.net


Dated: _____, 2024          BY ORDER OF THE U.S. DISTRICT
                                        COURT, DISTRICT OF MARYLAND

# Exhibit A-2

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| SOTHINATHAN SINNATHURAI,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                             Plaintiff,<br><br>v.<br><br>NOVAVAX, INC., STANLEY C. ERCK,<br>GREGORY F. COVINO, JOHN J. TRIZZINO,<br>and GREGORY M. GLENN,<br><br>                           Defendants. | Civil Action No. TDC-21-2910 |

## PROOF OF CLAIM AND RELEASE FORM

### I.    GENERAL INSTRUCTIONS

1.     To recover as a member of the Settlement Class based on your claims in the action entitled *Sinnathurai v. Novavax, Inc., et al.,* 8:21-cv-02910-TDC (D. Md.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 3 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

2.     **THIS  CLAIM  FORM  MUST  BE  SUBMITTED  ONLINE  AT WWW.STRATEGICCLAIMS.NET/NOVAVAX/  NO  LATER  THAN  _____, 2024  OR,  IF  MAILED,  BE  POSTMARKED  NO  LATER  THAN  _____, 2024, ADDRESSED AS FOLLOWS:**

*Novavax, Inc. Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230

Media, PA 19063
www.strategicclaims.net/novavax/

3.      Copies of the long-form Notice and Stipulation and Agreement of Settlement, dated January __, 2024, may be downloaded at www.strategicclaims.net/novavax/.

4.      If you are a member of the Settlement Class and you do not timely and properly request exclusion, you are bound by and subject to the terms of any judgment entered in the Action, including the releases provided for, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.      CLAIMANT IDENTIFICATION

5.      If you purchased or otherwise acquired shares of Novavax, Inc. ("Novavax") publicly traded common stock during the period from May 11, 2021 through October 19, 2021, inclusive (the "Class Period"), and held the shares in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased/acquired Novavax publicly traded common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

6.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Novavax publicly traded common stock that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

7.      All joint owners must sign this claim.  Executors, administrators, guardians, conservators, trustees, and other legal representatives must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.      IDENTIFICATION OF TRANSACTIONS

8.      Use **Part II** of this form entitled "Schedule of Transactions in Novavax Publicly Traded Common Stock" to supply all required details of your transaction(s) in Novavax publicly traded common stock.  If you need more space or additional schedules, attach separate sheets providing all the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

9.      On the schedules, provide all the requested information with respect to your holdings, purchases/acquisitions, and sales of Novavax publicly traded common stock, whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

10.     The date of covering a "short sale" is deemed to be the date of purchase/acquisition of Novavax publicly traded common stock.  The date of a "short sale" is deemed to be the date of sale.

11.     Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES TO THE ACTION DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN NOVAVAX PUBLICLY TRADED COMMON STOCK.**  Claimants bear the burden of establishing their eligibility to recover from the Settlement.

12.     NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the Claims Administrator's website.)  All such Representative Filers MUST also submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you are a Representative Filer and wish to submit your claim electronically, you must contact the Claims Administrator at (866) 274-4004 or visit their website at https://www.strategicclaims.net/institutional-filers/to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims

Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

13.    NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/novavax/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing.   You will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

**PART I – CLAIMANT IDENTIFICATION**

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

| | | |
|---|---|---|
| Beneficial Owner's Name | | |
| Co-Beneficial Owner's Name | | |
| Entity Name (if claimant is not an individual) | | |
| Representative or Custodian Name (if different from Beneficial Owner(s) listed above) | | |
| Address 1 (street name and number): | | |
| Address 2 (apartment, unit, or box number): | | |
| City | State | ZIP/Postal Code |
| Foreign Country (only if not USA) | Foreign County (only if not USA) | |
| Telephone Number (home) | Telephone Number (work) | |

4

| | | |
|---|---|---|
| Email Address | | |
| Account Number (if filing for multiple accounts, file a separate Claim Form for each account) | | |
| Social Security Number (last four digits only) | **OR** | Taxpayer Identification Number (last four digits only) |

Claimant Account Type (check appropriate box):

      Individual (includes joint owner accounts)      Pension Plan          Trust

      Corporation                          Estate

      IRA/401K                           Other _____ (please specify)

## PART II:    TRANSACTIONS IN NOVAVAX PUBLICLY TRADED COMMON STOCK

**1. BEGINNING HOLDINGS** – State the total number of shares of Novavax publicly traded common stock held as of the opening of trading on May 11, 2021. If none, write "0" or "Zero." (Must submit documentation.) _____

**2. PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD** – Separately list each and every purchase/acquisition of Novavax publicly traded common stock from after the opening of trading on May 11, 2021 through and including the close of trading on October 19, 2021. (Must submit documentation.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3. PURCHASES/ACQUISITIONS DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of Novavax publicly traded common stock purchased/acquired from after the opening of trading on October 20, 2021 through and including the close of trading on January 14, 2022.[1] (Must submit documentation.)
_____

**4. SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale of Novavax publicly traded common stock from after the opening of trading on May 11, 2021 through and including the close of trading on January 14, 2022. (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**5. ENDING HOLDINGS** – State the total number of shares of Novavax publicly traded common stock held as of the close of trading on January 14, 2022. If none, write "0" or "Zero." (Must submit documentation.) _____

---

[1] Information requested in this Claim Form with respect to your transactions after the opening of trading on October 20, 2021 through and including the close of trading on January 14, 2022 is needed only for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period, however, are not eligible for a recovery because these purchases/acquisitions are outside of the Class Period.

| IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐ |
| --- |

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

14. By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation of Net Settlement Fund described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Maryland (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth in the Settlement. I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement of the Action, including the releases provided for. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible publicly traded Novavax common stock, if required to do so. I (We) have not submitted any other claim covering the same transactions in publicly traded Novavax common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V. RELEASES, WARRANTIES, AND CERTIFICATION

15. I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the Notice.

16. As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

17.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

18.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of publicly traded Novavax common stock that occurred during the Class Period and the number of shares held by me (us), to the extent requested.

19.    I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2024

_____        _____
Signature of claimant                                    Type or print name of claimant


_____        _____
Signature of joint claimant, if any                   Type or print name of joint claimant


_____        _____
Signature of person signing on behalf            Type or print name of person signing
of claimant                                                    on behalf of claimant


_____
Capacity of person signing on behalf of claimant, if other than an individual (*e.g.,* Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

## REMINDER CHECKLIST:

1.      Please sign this Claim Form.

2.      DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.      Attach only copies of supporting documentation as these documents will not be returned to you.

4.      Keep a copy of your Claim Form for your records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (866) 274-4004.

6.      If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# Exhibit A-3

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| SOTHINATHAN SINNATHURAI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NOVAVAX, INC., STANLEY C. ERCK, GREGORY F. COVINO, JOHN J. TRIZZINO, and GREGORY M. GLENN,<br><br>Defendants. | Civil Action No. TDC-21-2910 |

## SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To: all persons or entities who or which, during the period from May 11, 2021 through October 19, 2021, inclusive, (the "Class Period") purchased or otherwise acquired the publicly traded common stock of Novavax, Inc. ("Novavax") and were damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Maryland, that Court-appointed Lead Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class; and Novavax; and Stanley Erck, Gregory Covino, John Trizzino, and Gregory Glenn (collectively, the "Individual Defendants" and, with Novavax, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $47,000,000 (the "Settlement").

A hearing will be held before the Honorable Theodore D. Chuang, either in person or remotely in the Court's discretion, on _____, 2024, at ____ __.m. at the United States

Courthouse, United States District Court, District of Maryland, 6500 Cherrywood Lane, Greenbelt, MD 20770 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation and Agreement of Settlement, dated January ___, 2024; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Co-Lead Counsel's Fee and Expense Application.  The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a Postcard Notice, you may obtain copies of the Postcard Notice, long-form Notice, and Claim Form by visiting the Claims Administrator's website, www.strategicclaims.net/novavax/, or by contacting the Claims Administrator at:

*Novavax, Inc. Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
Media, PA 19063
(866) 274-4004
www.strategicclaims.net/novavax/
info@strategicclaims.net

Inquiries, other than requests for copies of notices or about the status of a claim, may also be made to Co-Lead Counsel:

| **LABATON KELLER SUCHAROW LLP** | **POMERANTZ LLP** |
|---|---|
| Michael H. Rogers Esq., Esq. | Jeremy A. Lieberman, Esq. |
| 140 Broadway | 600 Third Avenue, 20th Floor |
| | New York, NY 10016 |

2

New York, NY 10005                                 www.pomlaw.com
www.labaton.com                          jalieberman@pomlaw.com
settlementquestions@labaton.com                  (212) 661-1100
(888) 219-6877

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form ***postmarked or submitted online no later than*** _____ __*, 2024.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Notice available on the Claims Administrator's website, and such request must be ***received no later than*** _____ __*, 2024.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice available on the Claims Administrator's website, such that they are ***received no later than*** _____ __*, 2024*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE**

DATED: _____, 2024       BY ORDER OF THE COURT

3

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

# Exhibit A-4

***THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
PLEASE VISIT WWW.STRATEGICCLAIMS.NET/NOVAVAX/ FOR MORE INFORMATION.***

The parties in the class action *Sinnathurai v. Novavax, Inc., et al.*, 8:21-cv-02910-TDC (D. Md.) have reached a proposed settlement of the claims against Defendants. If approved, the Settlement will resolve a lawsuit in which Plaintiffs alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. Defendants deny any liability or wrongdoing. You received this postcard because you, or an investment account for which you serve as a custodian, may be a member of the Settlement Class: **all persons or entities who or which, during the period from May 11, 2021 through October 19, 2021, inclusive ("Class Period"), purchased or otherwise acquired the publicly traded common stock of Novavax, Inc. and were damaged thereby.**

Pursuant to the Settlement, Defendants have agreed to pay $47,000,000. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the settlement of the Action and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement and procedures, please review the long-form Notice at www.strategicclaims.net/novavax/.** Your *pro rata* share of the Settlement proceeds will depend on the number of valid claims submitted, and when you purchased shares of Novavax. If all Settlement Class Members participate in the Settlement, the estimated average recovery will be $1.24 per allegedly damaged share before deduction of Court-approved fees and expenses and approximately $0.80 per share after. Your share of the Settlement proceeds will be determined by the plan of allocation set forth in the Notice, or such other plan that may be approved by the Court.

**To qualify for payment, you must submit a valid Claim Form. Receipt of this Postcard does not mean you are eligible for a recovery.** The Claim Form can be found at www.strategicclaims.net/novavax/, or you can request that one be mailed to you. You can also submit a claim via the website. **Claim Forms must be postmarked (if mailed) to:** *Novavax, Inc. Securities Settlement*, **c/o Strategic Claims Services, P.O. Box 230, Media, PA 19063, or submitted online, by ___, 2024. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class by ___, 2024**. If you exclude yourself, you may be able to sue Defendants about the claims being settled, but you cannot get money from the Settlement. **If you want to object to any aspect of the Settlement, you must file and serve an objection by ___, 2024**. The Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on _____, 2024 at __:__ .m., to consider whether to approve the Settlement and a request by Plaintiffs' Counsel for up to 33.4% of the Settlement Fund in attorneys' fees, plus expenses of no more than $1 million. You may attend the hearing and ask to speak, but do not have to. **For more information, call (866) 274-4004, email info@strategicclaims.net or visit the website to review the Notice.**

*Novavax, Inc. Securities Settlement*
c/o Strategic Claims Services
P.O. Box 230
Media, PA 19063

### *COURT-ORDERED LEGAL NOTICE*

*Sinnathurai v. Novavax, Inc., et al.,*
No. 8:21-cv-02910-TDC (D. Md.)

**Your legal rights may be affected by this securities class action settlement. You may be eligible for a cash payment. Please read this postcard carefully.**

**For more information, please visit www.strategicclaims.net/novavax/ or call (866) 274-4004**

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| SOTHINATHAN SINNATHURAI,<br>Individually and on Behalf of All Others<br>Similarly Situated,<br><br>                                   Plaintiff,<br><br>v.<br><br>NOVAVAX, INC., STANLEY C. ERCK,<br>GREGORY F. COVINO, JOHN J. TRIZZINO,<br>and GREGORY M. GLENN,<br><br>                                   Defendants. | Civil Action No. TDC-21-2910 |

## [PROPOSED] FINAL ORDER AND JUDGMENT

**WHEREAS:**

A.    On January 12, 2024, Court-appointed Lead Plaintiffs Jeffrey A. Gabbert, Nuggehalli Balmukund Nandkumar, and David Truong ("Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), on the one hand, and Novavax, Inc. ("Novavax" or the "Company") and Stanley Erck, Gregory Covino, John Trizzino, and Gregory Glenn (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-titled litigation (the "Action");

B.    Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, 2024 (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2024, at __:__ __.m. (the "Settlement Hearing") to,

1

among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether a judgment as provided for in the Stipulation should be entered; and (iii) rule on Co-Lead Counsel's Fee and Expense Application;

C.    The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be mailed by first-class mail, postage prepaid, on or before ten (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Settlement Class Members who could be identified through reasonable effort; that the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, be made available to Settlement Class Members; and that the Summary Notice of Pendency and Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

D.    The notices advised potential Settlement Class Members of the date and purpose of the Settlement Hearing.  The notices further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by _____, 2024;

E.    The provisions of the Preliminary Approval Order as to notice were complied with;

F.    On _____, 2024, Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held

before this Court on _____, 2024, at which time all interested Persons were afforded the opportunity to be heard; and

   G.  This Court has duly considered Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, and memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

   NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

   1.  **Incorporation of Settlement Documents**.  This Judgment incorporates and makes a part hereof:  (i) the Stipulation filed with the Court on _____, 2024; and (ii) the notices, which were filed with the Court on _____, 2024.  Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

   2.  **Jurisdiction**.  This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

   3.  **Class Certification for Purposes of Settlement**.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons or entities who or which, during the period from May 11, 2021 through October 19, 2021, inclusive, purchased or otherwise acquired the publicly traded common stock of Novavax, Inc. and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the Immediate Families of any Defendant who is an individual; (iii) any person who was an officer or director of Novavax during the Class Period; (iv) any firm or

3

entity in which any Defendant has or had a controlling interest; (v) parents, affiliates, or subsidiaries of Novavax; (vi) the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (vii) the legal representatives, agents, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such; and (viii) any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.  [Exhibit A attached hereto lists the requests for exclusion that are being accepted by the Court.]

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Jeffrey A. Gabbert, Nuggehalli Balmukund Nandkumar, and David Truong as Class Representatives for the Settlement Class; and finally appoints the law firms of Labaton Keller Sucharow LLP and Pomerantz LLP as Class Counsel and Cohen Milstein Sellers & Toll PLLC as Liaison Counsel for the Settlement Class.

5.      **Notice**.  The Court finds that the dissemination of the Postcard Notice, Notice, Summary Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Co-Lead Counsel's request for payment of attorneys' fees and Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement;

4

and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. **Objections**. [There have been no objections to the Settlement.]

7. **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Lead Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

8.      The Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed on March 11, 2022, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.      **Rule 11 Findings**.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.      **Releases**.  The releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

11.      Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their

6

capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.  Claims to enforce the terms of the Stipulation are not released. Notwithstanding the foregoing, nothing in this Judgment shall constitute a release or waiver of any insurance that may be available to any of the Defendants.

12.    Notwithstanding paragraphs 10 to 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.    **Binding Effect**.  The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and each Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form), as well as their respective successors and assigns.

14.    **No Admissions**.  This Judgment and the Stipulation (including any exhibits thereto, the Supplemental Agreement, and any Plan of Allocation), whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to

7

be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants, or against or to the prejudice of Lead Plaintiffs, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiffs, or any other member of the Settlement Class, as an admission

or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)      do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

15.      The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.      **Termination of Settlement**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with paragraph 47 of the Stipulation.

17.      **Modification of the Stipulation**.  Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.     **Fee Order and Order on Plan of Allocation**.  A separate order shall be entered regarding Co-Lead Counsel's application for attorneys' fees and payment of Litigation Expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19.     **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of Litigation Expenses in the Action; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

20.     **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this _____ day of  _____, 2024

_____
HONORABLE THEODORE D. CHUANG
UNITED STATES DISTRICT JUDGE

10

**EXHIBIT A**

1.