# Compendium of Unreported Cases

*In re 2U Inc. Sec. Litig.,*
    No. 8:19-cv-03455-TDC, slip op. (D. Md. Dec. 9, 2022) ........................................................1

*In re Chicago Bridge & Iron Co. N.V. Sec. Litig.,*
    No. 17-1580, LGS, Slip op. (S.D.N.Y. Aug. 5, 2022) .............................................................2

*City of Farmington Hills Emps. Ret. Sys. v. Wells Fargo Bank N.A.,*
    No. 0:10-cv-04372, slip op. (D. Minn. Aug. 18, 2014) .........................................................3

*Grae v. Corrections Corp. of Am.,*
    No. 3:16-cv-02267, slip op. (M.D. Tenn. Nov. 8, 2021) .......................................................4

*Landmen Partners, Inc. v. The Blackstone Grp., L.P.,*
    No. 1:08-cv-03601, slip op. (S.D.N.Y. Dec. 18, 2013) .........................................................5

*In re Perrigo Co. PLC Sec. Litig.,*
    No. 19-CV-70 (DLC), slip op. (S.D.N.Y. Feb. 18, 2022) ......................................................6

# TAB 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

IN RE 2U, INC.
SECURITIES CLASS ACTION

Civil Action Nos. TDC-19-3455
TDC-20-1006

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

On the 9th day of December, 2022, this matter came before the Court for hearing pursuant

to the Order of this Court, dated June 23, 2022, on the application of the Parties for approval of

the Settlement set forth in the Stipulation and Agreement of Settlement dated May 31, 2022 (the

"Stipulation"). Due and adequate notice having been given to the Settlement Class as required in

the Order, the Court having considered all papers filed and proceedings held herein and otherwise

being fully informed of the premises and good cause appearing therefore, and for the reasons stated

on the record at the hearing on December 9, 2022, IT IS HEREBY ORDERED, ADJUDGED

AND DECREED that:

1.       This Judgment incorporates by reference the definitions in the Stipulation, and all

terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise

stated herein.

2.       This Court has jurisdiction over the subject matter of the Action and over all parties

to the Action, including all members of the Settlement Class.

3.       Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby

approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the

Settlement Class, the complexity and expense of further litigation, the risks of establishing liability

and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that:

(a) Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

(b) the proposal was negotiated at arm's-length between experienced counsel;

(c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

4. Accordingly, the Settlement is hereby approved in all respects and the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those persons or entities who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 hereto), the Action and all claims contained therein are dismissed with prejudice as to the Plaintiffs and the other Settlement Class Members, and as against each and all of the Defendants' Releasees. The Parties are to bear their own costs except as otherwise provided in the Stipulation.

5. No person or entity shall have any claim against Plaintiffs, the Settlement Class, Plaintiffs' Counsel, Defendants' Releasees, Defendants' Counsel, or the Claims Administrator

based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

6. Upon the Effective Date, Plaintiffs' Releasees and each of the other Settlement Class Members (whether or not such person submitted a Claim Form), on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment or Alternative Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, any Unknown Claims) against any and all of Defendants' Releasees, and shall forever be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Plaintiffs' Claims against any of Defendants' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Plaintiffs' Claims.

7. Upon the Effective Date, Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, trustees, legal representatives, attorneys, agents, predecessors, successors and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Defendants' Claims on behalf of Defendants, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (including, without limitation, any Unknown Claims) against

3

Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, maintaining, prosecuting or continuing to prosecute any or all of the Released Defendants' Claims against any of Plaintiffs' Releasees, in this Action or in any other proceeding. This Release shall not apply to any Excluded Defendants' Claims.

8.    The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons or entities who purchased or otherwise acquired 2U Securities between February 26, 2018 through July 30, 2019, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) current and former officers and directors of 2U; (iii) members of the Immediate Family of each of the Individual Defendants; (iv) all subsidiaries and affiliates of 2U and the directors and officers of 2U and their respective subsidiaries or affiliates; (v) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any Defendant has a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Settlement Class; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto, who are excluded from the Settlement Class pursuant to request.

9.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as Class Representatives for the Settlement Class and appointing Lead Counsel Pomerantz LLP as Class Counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action

4

and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

10. The distribution of the Notice and publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances, including individual notice to Settlement Class Members who could be identified through reasonable effort. The notice provided was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all persons or entities entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process and any other applicable law, including the Private Securities Litigation Reform Act of 1995. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Judgment, except those persons or entities listed on Exhibit 1 to this Judgment.

11. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect the remainder of this Judgment and shall be considered separate from remainder of this Judgment. Any order or proceeding relating to the Plan of Allocation or any order entered regarding any attorneys' fee and expense application, or any appeal from any order relating thereto or reversal or modification thereof, shall not affect or delay the finality of the Final Judgment in this Litigation.

5

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Plaintiffs' Claim or of any wrongdoing, fault, or liability of or damages caused by the Defendants' Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault, liability, or omission of or damages caused by any of the Defendants' Releasees; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted in the Action were not valid or that the amount recoverable was not greater than the Settlement Amount in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. A Defendants' Releasee may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing and administering the Settlement.

14. The Court finds that during the course of the Action, Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement

6

Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated; and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. The Parties shall bear their own costs and expenses except as otherwise provided in the Stipulation or in this Judgment.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. Lead Counsel (1) is awarded attorneys' fees in the amount of 33.4% of the Settlement Amount, or $12,358,000, plus interest at the same rate and for the same periods as earned by the Settlement Fund (until paid), and (2) expenses in the amount of $198,380.16, plus interest at the same rate and for the same periods as earned by the Settlement Fund (until paid). Such amounts are to be paid out of the Settlement Fund immediately upon entry of this Order, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund or (if the Settlement is vacated or modified) to 2U, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the award of attorneys' fees, Litigation Expenses, or reasonable costs or expenses to Plaintiffs is reduced or reversed and such order reducing or reversing the award has become Final, or the Judgment, or Alternative Judgment, approving the Settlement is vacated or modified. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among itself, Labaton Sucharow LLP, Goldman & Minton P.C., and Bronstein, Gewirtz & Grossman, LLC in

7

the manner in which Lead Counsel in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Action. In the event that this Judgment does not become Final, and any portion of the fee and expense award has already been paid from the Settlement Fund, Lead Counsel and all other counsel to whom Lead Counsel has distributed payments shall within thirty (30) calendar days of (i) entry of the order rendering the Settlement and Judgment non-Final, (ii) receiving from 2U's Counsel notice of the termination of the Settlement; (iii) any order reducing or reversing the award of attorneys' fees, Litigation Expenses, or reasonable costs or expenses to Plaintiffs has become Final, or (iv) the occurrence of any other event that precludes the Effective Date from occurring, refund the Settlement Fund the fee and expense award paid to Lead Counsel and, if applicable, distributed to other counsel.

19.     Lead Plaintiff Fiyyaz Pirani is awarded $30,000 and Additional Named Plaintiff Oklahoma City Employee Retirement System is awarded $5,121.65 for their reasonable costs and expenses directly relating to the representation of the Settlement Class as provided in 15 U.S.C. § 78u-4(a)(4), with such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

20.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

21.     The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

Accordingly, it is hereby ORDERED that:

1. Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation of the Net Proceeds of the Settlement, ECF No. 239, is GRANTED.

2. Lead Counsel's Motion for Attorney's Fees, Payment of Litigation Expenses, and Reimbursement to Plaintiffs, ECF No. 241, is GRANTED.

3. Final Judgment is entered and this case is DISMISSED WITH PREJUDICE.

Date: December 9, 2022

THEODORE D. CHUANG
United States District Judge

## EXHIBIT 1

| # | Name/Account | City | State/Country |
|---|---|---|---|
| 1 | David R. Downey | Burleson | Texas |
| 2 | Ronald Dong | Emeryville | California |

# TAB 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE CHICAGO BRIDGE & IRON COMPANY N.V. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**CASE NO. 1:17-CV-1580**

~~REVISED [PROPOSED]~~ ORDER ON PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

This matter came before the Court upon a Final Approval Hearing on July 25, 2022. During the Final Approval hearing, the Court considered, among other things, Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses. At the Final Approval Hearing, the Court instructed Plaintiffs to submit certain supplemental information regarding, *inter alia*, Plaintiffs' request for attorneys' fees. The motion is unopposed by Defendants and no objections were made to it. Having considered the motion papers, Plaintiffs' supplemental submission, the Stipulation of Settlement which the Court preliminarily approved on February 7, 2022 and has now finally approved, the arguments of counsel, and all files, records, and proceedings in this Action, and otherwise being fully informed in the premises as to the facts and the law.

**THEREFORE ORDERED, ADJUDGED, AND DECREED**:

1.      Pursuant to 15 U.S.C. § 78u-4(a)(4), Plaintiffs' Counsel's request for an award of $14,666,667 in attorneys' fees, plus accrued interest on that amount, is approved. Having reviewed Plaintiffs' Counsel's application and all applicable legal authorities, the Court finds that a baseline for Plaintiffs' Counsel's attorneys' fees in this case is the comparable median percentage from NERA Economic Consulting, *Recent Trends in Securities Class Action Litigation: 2021 Full-Year*

1

*Review* (Jan. 25, 2022), being 27.1%, where the settlement value for securities class actions is between $25 million and $100 million. Upon application of the factors set forth by the Second Circuit in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), and in particular the time and labor expended by counsel (as reflected by Plaintiffs' Counsel's lodestar), for substantially the reasons argued in Plaintiffs' memorandum of law, the Court finds an adjustment of that baseline fee percentage to 33 1/3% to be reasonable and appropriate. 50% of the awarded attorneys' fees shall be payable upon entry of this Order, with the remaining 50% to be payable after substantially all of the Recognized Claims have been paid from the Settlement Fund upon application to the Court.

2.      Plaintiffs' Counsel's request for reimbursement of litigation expenses in the amount of $3,462,683.78, plus accrued interest on that amount, is approved. The Court has reviewed these expenses and finds that they are reasonable and appropriate. The awarded expenses shall be payable to Plaintiffs' Counsel upon entry of this Order.

**SO ORDERED.**

DATED: August 5, 2022
   New York, New York

                **LORNA G. SCHOFIELD**
             **UNITED STATES DISTRICT JUDGE**

          HONORABLE LORNA G. SCHOFIELD
           UNITED STATES DISTRICT JUDGE

# TAB 3

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

THE CITY OF FARMINGTON HILLS
EMPLOYEES RETIREMENT SYSTEM
AND THE BOARD OF TRUSTEES OF
THE ARIZONA STATE CARPENTERS
PENSION TRUST FUND AND THE
ARIZONA STATE CARPENTERS
DEFINED CONTRIBUTION TRUST FUND,
Individually and on Behalf of All Others
Similarly Situated,

           Plaintiffs

v.

WELLS FARGO BANK, N.A.,

           Defendant.

Civil No. 10-4372 (DWF/JJG)

**FINAL ORDER AND JUDGMENT**

WHEREAS, the Named Plaintiffs The City of Farmington Hills Employees Retirement System, The Board Of Trustees Of The Arizona State Carpenters Pension Trust Fund and The Arizona State Carpenters Defined Contribution Trust Fund (collectively, the "Named Plaintiffs") on behalf of themselves and the members of the Class, and Wells Fargo Bank, N.A. ("Wells Fargo") entered into a Settlement Agreement dated May 28, 2014, that provides for the payment of $62,500,000 and a complete dismissal with prejudice of the claims asserted in the above-referenced litigation against Wells Fargo on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court (the "Settlement");

WHEREAS, by Order dated June 5, 2014 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) ordered that notice of the

proposed Settlement be provided to members of the Class; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class; and

WHEREAS, the Court conducted a hearing on August 14, 2014 ("Final Approval Hearing") to (a) determine whether the Settlement should be approved by the Court as fair, reasonable and adequate; (b) determine whether judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Action against Wells Fargo with prejudice and extinguishing and releasing all Settled Claims (as defined therein) against all Wells Fargo Releasees and all Class Member Releasees ("Released Parties"); (c) rule on Class Counsel's application for an award of attorneys' fees and the reimbursement of Litigation Expenses; (d) rule on the Named Plaintiffs' requests for Service Awards; and (e) rule on such other matters as the Court may deem appropriate.

The Court has considered all matters submitted to it at the Final Approval Hearing and otherwise, the pleadings on file, the applicable law, and the record.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Court, for purposes of this Final Order and Judgment (the "Judgment") adopts all defined terms as set forth in the Settlement, and incorporates them herein by reference as if fully set forth.

2

2.       The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

3.       The Notice, the publication of Notice on a dedicated website and the notice methodology implemented pursuant to the Settlement Agreement and the Court's orders: (i) constituted the best notice practicable under the circumstances to all persons within the definition of the Class; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement Agreement, including releases, of their right to object to the proposed Settlement, of their right to participate in the Settlement, and of their right to appear at the Final Approval Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

4.       Pursuant to and in accordance with Rule 23 of the Federal Rules of Civil Procedure, the Settlement, including, without limitation, the Settlement Amount, the releases set forth therein, and the dismissal with prejudice of the Settled Claims against the Released Parties set forth therein, is finally approved as fair, reasonable and adequate.  The Settling Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter and docket this Judgment in the Action.

5.      The Action and the Complaint and all claims included therein, as well as all Settled Claims (defined in the Settlement Agreement), are dismissed with prejudice as to the Class Member Releasees (defined in the Settlement Agreement), and as against each and all of the Wells Fargo Releasees (defined in the Settlement Agreement).

(a)      All Class Members on behalf of themselves and their respective predecessors, successors and assigns, are hereby deemed to have finally, fully, and forever released, relinquished, and discharged all of the Wells Fargo Releasees from the Settled Claims.

(b)      Wells Fargo, on behalf of itself and its predecessors, successors and assigns, is hereby deemed to have finally, fully, and forever released, relinquished, and discharged all of the Class Member Releasees from the Settled Claims.

The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

6.      Notwithstanding Paragraph 5, nothing in this Judgment shall bar any action or claim by any of the Settling Parties to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

7.      This Judgment and the Settlement Agreement, including any provisions contained in the Settlement Agreement, any negotiations, statements, or proceedings in connection therewith, or any action undertaken pursuant thereto:

(a)     shall not be admissible in any action or proceeding for any reason, other than an action to enforce the settlement terms; and

(b)     is not, and shall not be deemed, described, construed, offered or received as evidence of any presumption, concession, or admission by any person or entity of the truth of any fact alleged in the Action; the validity or invalidity of any claim or defense that was or could have been asserted in the Action or in any litigation; the amount of damages, if any, that would have been recoverable in the Action; or any liability, negligence, fault, or wrongdoing of any person or entity.

8.     The Court hereby appoints Garden City Group as Settlement Administrator and Wells Fargo Bank, N.A. and Glancy Binkow & Goldberg LLP as Joint Escrow Agents.

9.     The Plan of Allocation is approved as fair and reasonable, and Class Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the terms and provisions of the Settlement Agreement.

10.     The Court finds that the Settling Parties and their counsel have complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein, and that Named Plaintiffs and Class Counsel at all times acted in the best interests of the Class and had a good faith basis to bring, maintain and prosecute this Action in accordance with Federal Rule of Civil Procedure 11. The Court further finds that the Named Plaintiffs and Class Counsel adequately represented the Class Members in entering into and implementing the Settlement.

11. No Class Member shall have any claim against Class Counsel, the Claims Administrator, or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court.

12. Subject to the Settlement Agreement, neither Wells Fargo nor its counsel, shall have any responsibility for, interest in, or liability whatsoever with respect to, and no Class Member shall have any claim against the Wells Fargo Releasees or Wells Fargo's Counsel with respect to: (a) the provisions of the Notice, including identifying and locating Class Members; (b) the design, administration or implementation of the Plan of Allocation; (c) the determination or administration of Taxes; (d) any act, omission or determination of Class Counsel, the Joint Escrow Agents or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (e) the management, investment or distribution of the Gross Settlement Fund and/or the Net Settlement Fund; (f) the Plan of Allocation; (g) the determination, administration, calculation or payment of claims asserted against the Gross Settlement Fund and/or the Net Settlement Fund; (h) the administration of the Settlement Escrow Account; (i) any losses suffered by, or fluctuations in the value of, the Gross Settlement Fund and/or the Net Settlement Fund; or (j) the payment or withholding of any Taxes, expenses and/or costs incurred in connection with the taxation of the Gross Settlement Fund and/or the Net Settlement Fund or the filing of any tax returns; or (k) any expenses, costs, or losses incurred in connection with any of the above.

13.     Any order approving or modifying the Plan of Allocation set forth in the Notice, the application by Class Counsel for an award of attorneys' fees and reimbursement of expenses, or the application for Class Representative Service Awards, shall not disturb or affect the Finality of this Judgment or the Settlement Agreement.

14.     The Notice stated that Class Counsel would move for attorneys' fees in an amount not to exceed 33-⅓% of the Gross Settlement Fund, and Litigation Expenses in an amount not to exceed $2,450,000.  In their Motion for Final Approval, Class Counsel requested attorneys' fees of 33-⅓% of the Gross Settlement Fund, totaling $20,833,333, and Litigation Expenses of $2,064,548.45.

15.     Class Counsel is hereby awarded a total of $ 20,833,333 in fees and $2,064,548.45 in Litigation Expenses, which sum the Court finds to be fair and reasonable.  The foregoing award of fees and expenses shall be paid to Glancy Binkow & Goldberg, LLP from the Gross Settlement Fund, and such payment shall be made at the time and in the manner provided in the Settlement Agreement, with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Gross Settlement Fund.  The appointment and distribution among Plaintiffs' Counsel of any award of attorneys' fees shall be within Glancy Binkow & Goldberg, LLP and the Miller Law Firm, PC's sole discretion.

16.     The Named Plaintiffs, Farmington and Arizona, are each awarded $50,000 (for a total combined award of $100,000) for their service, costs and expenses directly relating to the representation of the Class, which sum the Court finds to be fair and reasonable. The foregoing award shall be paid to the Named Plaintiffs from the Gross

Settlement Fund, and such payment shall be made at the time and in the manner provided in the Settlement Agreement, with interest from the date the Gross Settlement Fund was funded to the date of payment at the same net rate that interest is earned by the Gross Settlement Fund.

17. In making this award of attorneys' fees and Litigation Expenses and the Class Representative Service Awards to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $62,500,000 in cash that is already on deposit, plus interest thereon, and that numerous Class Members will benefit from the Settlement;

(b) Notice was disseminated to Class Members stating that Class Counsel were moving for attorneys' fees not to exceed 33-⅓% of the Gross Settlement Fund in a total amount not to exceed $20,833,333, and for Litigation Expenses in an amount not to exceed $2,450,000. Class Counsel filed their application for attorneys' fees and reimbursement of expenses 14 days prior to the deadline for objections in this Action, and one (1) objection was filed by a Class Member against the terms of the proposed Settlement or the fees and expenses contained in the Notice and Class Counsel's application;

(c) Class Counsel has conducted the litigation and achieved the Settlement in good faith and with skill, perseverance and diligent advocacy;

(d)     The Action involves complex factual and legal issues and was actively prosecuted for over three years, proceeded until trial was imminent, and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e)     During discovery in this case, the Plaintiffs' Counsel produced and/or reviewed over approximately 7,000,000 pages of documents: in total, approximately 6,800,000 pages were produced by Wells Fargo, more than approximately 130,000 pages by Named Plaintiffs, and more than approximately 135,000 pages by third parties. Plaintiffs' Counsel took, defended and/or had access to more than 90 depositions.  These depositions resulted in approximately 22,725 pages of recorded testimony and the inclusion of approximately 2,399 exhibits. The parties filed various motions including motions for partial summary judgment;

(f)     Had Class Counsel not achieved the Settlement there would remain a significant risk that the Named Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(g)     The amount of attorneys' fees and Litigation Expenses awarded from the Gross Settlement Fund are fair and reasonable under all of the circumstances and consistent with awards in similar cases; and

9

(h)     The Class Representative Service Awards are fair and reasonable considering the time commitment and diligence of the Named Plaintiffs in prosecuting this action on behalf of the class members and is consistent with service awards in similar cases.

18.     Without affecting the Finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Member Releasees and the Wells Fargo Releasees for purposes of:  (a) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Plan of Allocation, and this Judgment; (b) supervising the distribution of the Gross Settlement Fund and/or the Net Settlement Fund; and (c) resolving any dispute regarding a party's right to terminate pursuant to the terms of the Settlement Agreement.

19.     In the event that the Settlement is terminated or does not become Final in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Settlement Agreement, including with respect to the repayment by Class Counsel of attorneys' fees and Litigation Expenses awarded by the Court, and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

20.     There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21.     Therefore, the Motion for Attorney Fees and Costs and Class Representative Service Awards (Doc. No. [670]) and the Motion for Approval of Settlement and Plan of Allocation of Settlement Proceeds (Doc. No. [675]) are **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 18, 2014                      s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge

11

# TAB 4

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| NIKKI BOLLINGER GRAE, Individually and on Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>    vs.<br><br>CORRECTIONS CORPORATION OF AMERICA, et al.,<br><br>                       Defendants. | Civil Action No. 3:16-cv-02267<br><br>Honorable Aleta A. Trauger<br><br>ORDER AWARDING ATTORNEYS' FEES AND EXPENSES |

This matter having come before the Court on November 8, 2021, on Class Counsel's motion for an award of attorneys' fees and expenses incurred in this action, the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of this action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      All of the capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated June 24, 2021 (the "Stipulation").  ECF No. 463.

2.      This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all Members of the Class who have not timely and validly requested exclusion.

3.      The Court hereby awards Class Counsel attorneys' fees of one-third of the Settlement Amount, and litigation expenses in the amount of $1,949,862.24, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid.  Said fees and expenses shall be allocated amongst counsel in a manner which, in Class

Counsel's good faith judgment, reflects each such counsel's contribution to the institution, prosecution and resolution of the Litigation.  The Court finds that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method considering, among other things, the following: the highly favorable result achieved for the Class; the contingent nature of Class Counsel's representation; Class Counsel's diligent prosecution of the Litigation; the quality of legal services provided by Class Counsel that produced the Settlement; that the Plaintiff appointed by the Court to represent the Class supports the requested fee; the reaction of the Class to the fee request; and that the awarded fee is in accord with Sixth Circuit precedent.

4.    The awarded attorneys' fees and expenses shall be paid to Class Counsel immediately after the Court executes the Judgment and this Order is executed subject to the terms, conditions and obligations of the Stipulation and in particular ¶6.2 thereof, which terms, conditions and obligations are incorporated herein.

5.    Pursuant to 15 U.S.C. §78u-4(a)(4), Plaintiff Amalgamated Bank, as Trustee for the LongView Collective Investment Fund, is awarded $17,525 as payment for its time and expenses representing the Class.

IT IS SO ORDERED.

_____
THE HONORABLE ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

# TAB 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12|18|13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————— x

LANDMEN PARTNERS INC., Individually    :
and On Behalf of All Others Similarly Situated, :

                       Plaintiff,    :

       vs.    :

THE BLACKSTONE GROUP L.P., et al.,    :

                 Defendants.    :

——————————————————————— x

Civil Action No. 08-cv-03601-HB-FM

CLASS ACTION

FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice to the Class ("Notice Order") dated August 30, 2013, on the unopposed application of Lead Plaintiffs for approval of the Settlement set forth in the Settlement Agreement, dated August 28, 2013 ("Stipulation"), and following a hearing on December 18, 2013. Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1.      This Final Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

3.      For purposes of this Judgment, as certified by the Court's August 13, 2013 Order, the Class is defined as all Persons who purchased the common units of The Blackstone Group L.P. ("Blackstone") in Blackstone's initial public offering ("IPO") or in the open market on the New

- 1 -

York Stock Exchange between June 21, 2007 and March 12, 2008, inclusive, and who sustained compensable damages in connection with any such purchase of Blackstone units pursuant to Sections 11 and 15 of the Securities Act of 1933.

Excluded from the Class are: (i) the persons who submitted valid and timely requests for exclusion from the Class, who are listed on Exhibit A hereto; (ii) Defendants; (iii) members of the immediate family of each of the Defendants; (iv) any Person that acted as an underwriter of the IPO; (v) any natural Person who sold Blackstone common units to the public in the IPO or who serves or served as an officer or director of Blackstone or as a partner of any predecessor to Blackstone, the members of the immediate families of any such persons, and any entity in which any of Defendants have or had a controlling interest; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded Person (collectively, "Excluded Persons").

For the avoidance of doubt, the Excluded Persons are excluded from the Class only to the extent they purchased Blackstone common units in the IPO for their own account and not for or on behalf of a third-party customer or for resale to customers. Further, to the extent that any of the Excluded Persons was a statutory "seller" who resold the Blackstone common units to a third-party customer, client, account, fund, trust, or employee benefit plan that otherwise falls within the Class, or purchased Blackstone common units in a fiduciary capacity or otherwise on behalf of any third-party customer, client, account, fund, trust, or employee benefit plan that falls within the Class, the Excluded Person is excluded from the Class but the third-party customer, client, account, fund, trust, or employee benefit plan is not excluded from the Class with respect to such purchases of Blackstone common units.

4.      For purposes of this Judgment, as certified by the Court's August 13, 2013 Order, Lead Plaintiffs Martin Litwin and Francis Brady are Class Representatives, and Lead Counsel

- 2 -

Robbins Geller Rudman & Dowd LLP and Brower Piven, A Professional Corporation, are Class Counsel.

5.     Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. There are no objections to the proposed Settlement.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Stipulation and Settlement are fair, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7.     Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses, as to Defendants, the Action and all Released Claims of the Class with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Stipulation and herein.

8.     Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiffs shall, and each of the Class Members shall, be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

9.     Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, Lead Counsel and Abraham Fruchter & Twersky LLP from all claims (including, without

- 3 -

limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action.

10.     Upon the Effective Date hereof, and as provided in the Stipulation, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class, and their respective predecessors, successors, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

11.     Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class, and their respective predecessors, successors, agents, representatives, attorneys, and affiliates, and the respective heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

- 4 -

12.     The Notice of Proposed Settlement of Class Action ("Notice") given to the Class in accordance with the Notice Order, entered on August 30, 2013, was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort, of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, the proposed Plan of Distribution of the proceeds of the Settlement set forth in the Notice, Lead Counsel's application for attorneys' fees and reimbursement of expenses, and Lead Plaintiffs' request for an award of reasonable costs and expenses relating to their representation of the Class, and said Notice and notice procedures fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and the requirements of due process. There are no objections to the Notice and/or notice procedures.

13.     The Court hereby approves the Plan of Distribution as set forth in the Notice as fair and equitable. The Court directs Lead Counsel to proceed with processing Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Distribution and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to eligible Class Members, as provided in the Stipulation and the Plan of Distribution. There are no objections to the Plan of Distribution.

14.     The Court hereby awards Lead Counsel attorneys' fees equal to 33.33% percent of the Settlement Fund (including interest accrued thereon), and litigation expenses in the amount of $1,047,005.77, with interest to accrue thereon at the same rate and for the same periods as has accrued by the Settlement Fund from the date of this Judgment to the date of actual payment of said attorneys' fees and expenses to Lead Counsel as provided in the Stipulation. The Court finds the amount of attorneys' fees awarded herein are fair and reasonable based on: (a) the work performed

and costs incurred by Lead Counsel; (b) the complexity of the case; (c) the risks undertaken by Lead Counsel and the contingent nature of their employment; (d) the quality of the work performed by Lead Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; (e) awards to successful plaintiffs' counsel in other, similar litigation; (f) the benefits achieved for Class Members through the Settlement; and (g) the absence of any objections from any Class Members to either the application for an award of attorneys' fees or expenses to Lead Counsel.

15. The Court also finds that the requested expenses are proper as the expenses incurred by Lead Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Class Members. There are no objections to Lead Counsel's application for reimbursement of their expenses.

16. The Court approves payment of $15,000.00 to Lead Plaintiff Martin Litwin for his reasonable time and expenses (including lost wages) relating to their representation of the Class. Such payment shall be paid out of the Settlement Fund. There are no objections to Lead Plaintiff Litwin's application for reimbursement of his costs and expenses.

17. All fees and expenses awarded or allowed in this Judgment shall, except as otherwise expressly provided in the Stipulation, be paid from the Settlement Fund.

18. Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Class Members which, except as expressly provided in the Stipulation, shall be paid from the Settlement Fund.

19. Neither appellate review nor modification of the Plan of Distribution set forth in the Notice, nor any action in regard to the motion by Lead Counsel for attorneys' fees and/or expenses

- 6 -

and the award of costs and expenses to Lead Plaintiffs, shall affect the finality of any other portion of this Judgment, nor delay the Effective Date of the Stipulation, and each shall be considered separate for the purposes of appellate review of this Judgment.

20. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants and/or the Released Persons may file the Stipulation and/or this Judgment from this Action in any other action in which they are parties or that may be brought against them in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; (d) payment of taxes by the Settlement Fund; (e) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (f) any other matters related to finalizing the Settlement and distribution of proceeds of the Settlement.

22. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement

Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

23. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

24. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

25. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

IT IS SO ORDERED

DATED: Dec 18, 2013

THE HONORABLE HAROLD BAER, JR.
UNITED STATES DISTRICT JUDGE

- 8 -

# EXHIBIT A
## BLACKSTONE: LIST OF EXCLUSIONS

| | Name | City | St | Country | Zip |
|---|---|---|---|---|---|
| 1 | LINA HU | OSHAWA | ON | CA | L1J 7C6 |
| 2 | ESTATE OF ANTHONY J FABEC | WILLOUGHBY HILLS | OH | US | 44094 |
| 3 | WILLIAM PATTERSON | KINGS MOUNTAIN | NC | US | 28086 |
| 4 | MARY ANN SHOTWELL | VIRGILINA | VA | US | 24598 |
| 5 | RICHARD A LEWIS | BULLARD | TX | US | 75757 |
| 6 | JOHN MERCADENTE, JR. | READING | PA | US | 19606 |
| 7 | DOUGLAS  BARHORST | SIDNEY | OH | US | 45365 |
| 8 | PATRICIA G NORMAN | KEARNEY | NE | US | 68845 |
| 9 | ESTATE OF RICHARD A NORMAN | KEARNEY | NE | US | 68845 |
| 10 | ROBERT W DUER | ALTA LOMA | CA | US | 91701 |
| 11 | ANIBAL MARRERO | CORAL GABLES | FL | US | 33134 |
| 12 | RUSS D SONNIER | NEW YORK | NY | US | 10150 |
| 13 | MARCUS E & JOANNE R NORTH | VICTORIA | TX | US | 77905 |
| 14 | SUZANNE EMETAROM | WALNUT CREEK | CA | US | 94595 |
| 15 | WILLIAM W & FRANCES E MAIN | ROBERTS | MT | US | 59070 |
| 16 | ANTHONY BRIENZA | COLD SPRING HARBOR | NY | US | 11724 |
| 17 | SHU HAO HUANG | SNOHOMISH | WA | US | 98296 |
| 18 | KENNETH O PARRIS | ATHENS | GA | US | 30604 |
| 19 | DUFF S MCEVERS | LAGUNA NIGUEL | CA | US | 92677 |
| 20 | SHERRIE L FRANTZ | EUGENE | OR | US | 97404 |
| 21 | DEBBIE CRINK | OMAHA | NE | US | 68138 |
| 22 | MARK A SUMMERS | MINNETRISTA | MN | US | 55364 |
| 23 | PAULINE MEYEROWITZ | FT LAUDERDALE | FL | US | 33308 |
| 24 | ANDREW WAHL | SAN FRANCISCO | CA | US | 94115 |

# TAB 6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE PERRIGO COMPANY PLC SECURITIES LITIGATION | 19-CV-70 (DLC) |

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSING LITIGATION EXPENSES

WHEREAS, this matter came on for hearing on February 16, 2022 (the "Settlement Hearing") on Lead Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing, substantially in the form approved by the Court, was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing, substantially in the form approved by the Court, was published in *Investor's Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and reimbursement of litigation expenses requested;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Amended Stipulation and Agreement of Settlement, dated October 22, 2021 (ECF No. 317-1) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

3.     Notice of Lead Plaintiffs' request for attorneys' fees and reimbursement of litigation expenses was given to all Class Members who or which could be identified with reasonable effort. The form and method of notifying the Class of the request for attorneys' fees and reimbursement of litigation expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.     Lead Counsel are hereby awarded attorneys' fees in the amount of 33 and 1/3% of the Settlement Fund (the "Fee Award") and $978,116.75 in reimbursement of litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. One half of the Fee Award and all reimbursable litigation expenses shall be payable to Lead Counsel immediately upon entry of this Order. The remainder of the Fee Award shall be payable to Lead Counsel upon this Court's entry of an order granting Lead Plaintiffs' forthcoming motion for distribution of the Settlement Fund.

5.     In making this award of attorneys' fees and reimbursement of litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

a) The Settlement has created a common fund of $31,900,000 that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

2

b) The fee sought has been reviewed and approved by Lead Plaintiffs, sophisticated institutional investors that oversaw the Action and have a substantial interest in ensuring that any attorneys' fees paid are duly earned and not excessive;

c) No objections to the fee request have been made by Class Members;

d) Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

e) The Action involves complex legal and factual issues and was actively prosecuted for nearly three years, and in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex legal and factual issues;

f) Had Lead Counsel not achieved the Settlement, a significant risk would remain that Lead Plaintiffs and the other members of the Class may have recovered less or nothing from the Defendants;

g) Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

h) Public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

i) The amounts of attorneys' fees and expenses reimbursed from the Settlement Fund are fair and reasonable.

6. Any appeal or any challenge affecting this Court's approval regarding attorneys' fees and reimbursing Litigation Expenses shall in no way disturb or affect the finality of the Judgment and shall not affect or delay the Effective Date of the Settlement.

3

7.     Exclusive jurisdiction is hereby retained over the parties and Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

8.     In the event the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.


SO ORDERED this _____ 18ᵗʰ _____ day of ___ February ___, 2022.


_____
The Honorable Denise Cote
United States District Judge

4