# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

`

|  |  |
|---|---|
| SOTHINATHAN SINNATHURAI, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. TDC-21-2910 |
| Plaintiff, | |
| v. | |
| NOVAVAX, INC., STANLEY C. ERCK, GREGORY F. COVINO, JOHN J. TRIZZINO, and GREGORY M. GLENN, | |
| Defendants. | |

**[PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

THIS MATTER having come before the Court for a hearing on May 23, 2024 on the motion of Co-Lead Counsel Pomerantz LLP and Labaton Keller Sucharow LLP, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of Litigation Expenses (the "Fee and Expense Application"). The Court having considered all matters submitted to it at the Settlement Hearing, including the objections to the Fee and Expense Application, and otherwise; and it appearing that notice of the motion and Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over PR Newswire, pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of January 12, 2024 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.    The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Settlement Class Members.

3.    Pursuant to and in accordance with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), this Court finds and concludes that due, adequate, and sufficient notice was directed to Persons who are Settlement Class Members who could be identified with reasonable effort, advising them of the Fee and Expense

Application and of their right to object thereto; that the notice provided constituted the best notice practicable under the circumstances; and a full and fair opportunity was accorded to Persons who are Settlement Class Members to be heard with respect to the Fee and Expense Application, including those who submitted objections: Mark Sekula (ECF No. 137); Jaromir Kovarik and Daria Kovarikova (ECF Nos. 138, 141); and Johan Floor.

4.      The Court has considered each of the objections referenced above and hereby overrules them, for the reasons explained below.

5.      Co-Lead Counsel, on behalf of Plaintiffs' Counsel, is hereby awarded attorneys' fees in the amount of $15,698,000 (*i.e.,* 33.4% of the Settlement Fund), plus interest at the same rate earned by the Settlement Fund.  Co-Lead Counsel is also awarded $628,893.83 in litigation expenses, plus accrued interest.  The Court finds these sums to be fair and reasonable.

6.      Lead Plaintiffs Jeffrey A. Gabbert and Nuggehalli Balmukund Nandkumar are each awarded $30,000 from the Settlement Fund, as reimbursement for their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the PSLRA.

7.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, pursuant to the terms and conditions of the Stipulation and immediately upon entry of this Order and the Judgment, the Court has considered and found that:

(a)      The Settlement has created a common fund of $47,000,000 in cash pursuant to the terms of the Stipulation, which is a favorable recovery for the Settlement Class, and numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of counsel;

(b)     The fee sought by Co-Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiffs, who oversaw the prosecution and resolution of the Action;

(c)     305,367 copies of the Postcard Notice were disseminated to potential Settlement Class Members and nominees stating that Co-Lead Counsel would apply for attorneys' fees in an amount not to exceed 33.4% of the Settlement Fund and expenses in an amount not to exceed $1,000,000, and there have been only three objections;

(d)     The Action raised a number of complex and challenging issues and there was great uncertainty with respect to whether these challenges could have been overcome in continued litigation.  Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the class may have recovered significantly less or nothing from Defendants;

(e)     Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(f)     Plaintiffs' Counsel pursued the Action on a contingency basis, facing a significant risk of nonpayment;

(g)     Plaintiffs' Counsel expended more than 6,800 hours, with a lodestar value of $4,903,403.25, to achieve the Settlement.

(h)     The amount of attorneys' fees awarded and litigation expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases; and

(i)     Public policy favors the award of attorneys' fees and expenses in securities class action litigation.

3

8.     Any appeal or challenge affecting this Court's approval of any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

9.     Exclusive jurisdiction is hereby retained over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

10.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

11.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this _____ day of _____, 2024

BY THE COURT:

_____
HONORABLE THEODORE D. CHUANG
UNITED STATES DISTRICT JUDGE

4