## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

SOTHINATHAN SINNATHURAI,
Individually and on Behalf of All Others
Similarly Situated,

                    Plaintiff,

v.

NOVAVAX, INC., STANLEY C. ERCK,
GREGORY F. COVINO, JOHN J. TRIZZINO,
and GREGORY M. GLENN,

                    Defendants.

Civil Action No. TDC-21-2910

## ORDER APPROVING PLAN OF ALLOCATION

THIS MATTER having come before the Court for a hearing on May 23, 2024 on the motion of Lead Plaintiffs Jeffrey A. Gabbert, Nuggehalli Balmukund Nandkumar, and David Truong ("Lead Plaintiffs"), on behalf of themselves and all other members of the settlement class, for final approval of the proposed settlement of the above-captioned action (the "Action") and approval of the proposed Plan of Allocation for the proceeds of the settlement; and the Court having considered all papers filed and proceedings had herein, including the objections to the proposed Plan of Allocation, and otherwise being fully informed;

For the reasons stated on the record at the May 23, 2024 hearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of January 12, 2024 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.    Pursuant to and in accordance with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), this Court finds and concludes that due, adequate, and sufficient notice was directed to Persons who are Settlement Class Members who could be identified with reasonable effort, advising them of the proposed Plan of Allocation and of their right to object thereto; that the notice provided constituted the best notice practicable under the circumstances; and a full and fair opportunity was accorded to Persons who are Settlement Class Members to be heard with respect to the Plan of Allocation, including those who submitted objections to the proposed Plan of Allocation: Mark Sekula (ECF No. 137), Jaromir Kovarik and Daria Kovarikova (ECF Nos. 138, 141), and Johan Floor.

3.      The Court finds and concludes that the proposed Plan of Allocation for the calculation of the claims of claimants that is set forth in the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), provides a fair and reasonable basis upon which to allocate the Net Settlement Fund among Settlement Class Members.  The Court has considered the objections to the Plan of Allocation referenced above and overrules them given, among other things, the scope of the Action and the Settlement Class and the reasonableness of the formulas in the Plan of Allocation.

4.      The Court finds and concludes that the Plan of Allocation, as set forth in the Notice, is fair, reasonable, and adequate and the Court approves the Plan of Allocation.

DATED this **24ᵗʰ** day of _May_ , 2024

BY THE COURT:

HONORABLE THEODORE D. CHUANG
UNITED STATES DISTRICT JUDGE

2